UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re REFCO CAPITAL MARKETS, LTD.                          :
BROKERAGE CUSTOMER SECURITIES                              :   06 Civ. 643 (GEL)
LITIGATION                                                 :
                                                           :
                                                           :
-----------------------------------------------------------x
                                                           :
VR GLOBAL PARTNERS, L.P. et al.,                           :
                                                           :
                          Plaintiffs,                      :
                                                           :
       - against-                                          :   07 Civ. 8686 (GEL)
                                                           :
PHILLIP R. BENNETT et al.,                                 :
                                                           :   **OPINION AND ORDER**
                          Defendants.                      :
                                                           :
-----------------------------------------------------------x
                                                           :
CAPITAL MANAGEMENT SELECT FUND                             :
LTD. et al.,                                               :
                          Plaintiffs,                      :
                                                           :
       - against-                                          :   07 Civ. 8688 (GEL)
                                                           :
PHILLIP R. BENNETT et al.,                                 :
                                                           :
                          Defendants.                      :
                                                           :
-----------------------------------------------------------x

GERARD E. LYNCH, District Judge:

   Plaintiffs in these consolidated actions are all former customers of Refco Capital Markets, Ltd. ("RCM"), a Refco subsidiary that operated as a securities brokerage firm. Plaintiffs allege that corporate officers of RCM improperly lent assets from customers' trading accounts to affiliated Refco companies. On September 13, 2007, the Court dismissed a securities fraud complaint in the putative class action, In re Refco Capital Markets, Ltd. Brokerage

Customer Secs. Litig. ("RCM I"), No. 06 Civ. 643, 2007 WL 2694469, at *12-13 (S.D.N.Y. Sept. 13, 2007), brought by some of the plaintiffs of this action, for failure to allege deceptive conduct. The Court granted leave to replead as to certain defendants, however, and thereafter, two additional groups of plaintiffs brought actions based on allegations substantially similar to those advanced by the plaintiffs in the putative class action. See VR Global Partners, L.P. et al. v. Bennett et al., No. 07 Civ. 8686 (GEL) (S.D.N.Y. filed Oct. 9, 2007); Capital Mgmt. Select Fund Ltd. et al. v. Bennett et al., No. 07 Civ. 8688 (GEL) (S.D.N.Y. filed Oct. 9, 2007). On November 20, 2007, the Court consolidated all three actions for pretrial purposes.

After the lead plaintiffs filed a Second Amended Complaint in the putative class action on December 21, 2007, various former corporate officers of Refco,[1] Refco's auditor Grant Thornton LLP, and a group of defendants affiliated with Thomas H. Lee Partners, L.P., filed motions to dismiss. In an Opinion and Order dated August 28, 2008, the Court granted the motions to dismiss in their entirety, holding that plaintiffs lacked standing to assert their claims for securities fraud and, in any event, that plaintiffs had failed to allege deceptive conduct. See In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig. ("RCM II"), No. 06 Civ. 643, 2008 WL 4056159 at *12-13 (S.D.N.Y. Sept. 13, 2007). The Court also found that plaintiffs' request for leave to replead was so spare as to constitute an "open-ended" leave to replead and accordingly denied it. RCM II, 2008 WL 4056159, at *18.

Plaintiffs now move for reconsideration of that denial. For the following reasons, the motion to reconsider will be granted. However, upon reconsideration, the Court will again deny

---

[1] The term "Refco" is used in this opinion to refer to both Refco Group Ltd. and its successor parent-level entity, Refco Inc., as well as their direct and indirect subsidiaries.

plaintiffs leave to replead.

Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." In re Salomon Winstar Litig., No. 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006). Defendants argue that plaintiffs' motion to reconsider is improper because the motion is based neither on new evidence nor on any claim, governing authority, or record evidence that the Court overlooked, but rather on arguments already rejected or, at best, suggestions of possible new allegations that plaintiffs could have – but did not – make at an earlier stage. The point is well taken. A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. EEOC v. Fed. Express Corp., 268 F. Supp.2d 192, 199 (E.D.N.Y. 2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). Rather, "to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." Keiser v. CDC Inv. Mgmt. Corp., No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).

This standard applies in full force to a motion for reconsideration of a denial of leave to replead. That standard bears substantial weight in this case given that plaintiffs have enjoyed ample opportunity to ply their arguments. As defendants point out, the Court has already considered two extensive complaints by the original class action plaintiffs who had the opportunity to replead after an initial dismissal (itself the product of several hundred pages of

3

briefing); two additional complaints by individual plaintiffs, who had the benefit of both the Court's opinion in RCM I and a substantial trove of Refco's internal documents before having to draft their complaints; and more than three hundred pages of briefing on the second round of pleadings. (THL D. Opp. Reconsideration at 4-5.) Moreover, throughout this process, plaintiffs gave no indication that there were additional facts that could be found or allegations that could be made that would prevail if defendants' arguments were accepted.

Under these circumstances, the Court is reluctant to revisit the issues, not because of an arrogant belief in its infallibility, but rather because the Court has already done its fallible best after full and repeated briefing by the parties. While pleading is not "a game of skill in which one misstep may be decisive to the outcome," Conley v. Gibson, 355 U.S. 41, 48 (1957), neither is it "an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." Masters v. Wilhelmina Model Agency, Inc., No. 02 Civ. 4911, 2003 WL 1990262, at * 4 (S.D.N.Y. Apr. 29, 2003). It is the plaintiffs' responsibility to plead their case adequately, and a court may deny a plaintiff leave to replead when that party has – as here – "been given ample prior opportunity to allege a claim." In re Merrill Lynch Ltd. Partnerships Litig., 7 F. Supp.2d 256, 276 (S.D.N.Y. 1997), aff'd 154 F.3d 56 (2d Cir. 1998) (quoting De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 72 (2d Cir. 1996).

Nevertheless, the Court cannot agree with defendants that plaintiffs' motion should be dismissed out of hand. The Court denied the request for leave to replead in RCM II in significant part because plaintiffs had ventured no specifics as to their repleading. To the extent that plaintiffs' submissions now fill that lacuna and specify proposed allegations that would

address the defects highlighted by the Court, it would be shortsighted not to take these developments into account. Plaintiffs now indicate, for example, that at least some of them would be able to establish that RCM hypothecated or otherwise used their securities when their accounts had no outstanding margin, in violation of representations made to them (see Pl. Mem. Reconsideration at 6-13) – something plaintiffs have never before pleaded with particularity. To the extent that, despite plaintiffs' complete failure to allege these facts previously, plaintiffs might indeed be able to plead the requisite deception with respect to at least some of their claims, it is a close question whether yet another attempt to replead should be permitted. The Court is thus inclined to reconsider the repleading issue based on plaintiffs' newly-submitted briefs and materials in order to prevent a manifest injustice.

Unfortunately, however, two obstacles remain, and even if the first could be overcome, the second is insuperable. First, plaintiffs' submissions do not include a new pleading but only sketches of some of the types of allegations that such a pleading might contain with respect to some (but not all) of the plaintiffs. Such hypothetical sketches are a meagre basis for reconsidering denials of leave to replead. See Bankr. Trust of Gerard Sillam v. Refco Group LLC, 2006 WL 2129786, at *4 (S.D.N.Y. July 28, 2006). Without an opportunity to review plaintiffs' proposed amended complaint, the Court is forced to rule on "a hypothetical amended complaint that neither the Court nor defendants [have] seen." Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Secs. Corp., 233 F.R.D. 327, 329 (S.D.N.Y. 2005). Accepting such sketches holds special peril where, as here, plaintiffs admit that they do not, in fact, know but merely "*expect* that most or all of the remaining [plaintiffs] will be able to make" particularized allegations. (Pl. Mem. Reconsideration at 12.) Accordingly, the Court is still in the position that

led to the denial of leave to replead in RCM II. Once again, the Court "cannot determine whether any amendment to their pleadings would be in the interest of justice." RCM II, 2008 WL 4056159, at *18. This uncertainty is precisely why, in the ordinary course, "[i]n order to satisfy the prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and the opposing parties can understand the exact changes sought." Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993).

But even if the Court were to overlook this problem and assume that plaintiffs' submissions on reconsideration forecast an ability to satisfy the pleading standard for deceptive conduct, repleading would still be futile because plaintiffs offer no persuasive argument that any repleading could avoid the other, independent defect on which the Court's ruling was based: plaintiffs' failure to satisfy the "actual purchaser or seller" standing limitation inherent to claims brought under § 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b). See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 731 (1975).

As the Court explained in RCM II, plaintiffs' own theory of the fraudulent scheme defeats their claim of standing because plaintiffs do not allege that they were defrauded while acting as a purchaser or seller of securities, but rather that they deposited their securities with a broker that converted those securities for its own benefit. See RCM II, 2008 WL 4056159, at *6. Accordingly, the Court in RCM II, citing relevant precedent that unauthorized brokers' transactions must be made on plaintiffs' behalf to ensure standing, see Caiola v. Citibank, N.A., 295 F.3d 312, 324 (2d Cir. 2002), held that plaintiffs could not seek a private remedy for the violations alleged. 2008 WL 4056159, at *18 (internal citation omitted).

6

On reconsideration, plaintiffs seek to "clarify or amplify" why RCM's sales of their securities nevertheless sufficed to make them actual sellers of securities. (Pl. Mem. Reconsideration at 18.) Plaintiffs' principal line of attack, however, is that the theft of the securities and their sale by the thief were not two distinct actions but one. Plaintiffs here apparently seek to correct the Court's characterization that "[e]ach of the complaints specifically alleges that plaintiffs' securities were first 'stolen' by RCM, and then sold for the benefit of RCM and other Refco affiliates." RCM II, 2008 WL 4056159, at *6. But that these events occurred simultaneously and not seriatim makes no difference. As the Court explained, the problem with plaintiffs' argument is not that the alleged scheme failed to "constitute[] fraud 'in connection with' the purchase or sale of securities" – where the mechanics of the transaction might matter – but rather that plaintiffs failed to satisfy the purchaser-seller requirement. The crux of the purchaser-seller analysis is that it was plaintiffs' misappropriating agent who *for its own benefit* acted as a purchaser or seller of securities. Id. at *6. Under such circumstances – irrespective of the precise timing of the theft and the sale – the plaintiffs were not purchasers or sellers of the securities.

Plaintiffs urge, without further explanation, that the fact that these events occurred simultaneously could alter the Court's view of whether the plaintiffs were "actual . . . sellers of securities." (Pl. Reply Mem. Reconsideration at 8.) It is well-settled, however, that the "in connection with" language of § 10(b) is entirely independent of the purchaser-seller standing requirement. See RCM II, 2008 WL 4056159, at *6, n.8; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 84 (2006) (calling standing a "distinct concept" from the "in connection with" language of § 10(b)). Plaintiffs' argument thus amounts to a refinement of an

argument that was already made, and rejected, in connection with the original motion. See RCM II, 2008 WL 4056159, at *6, n.10.

Plaintiffs' alternative argument fares no better. Plaintiffs argue that the Court's reading of the Customer Agreement demonstrates that plaintiffs conferred on RCM an interest in the securities, and thus at that point became actual sellers of securities. (Pl. Mem. Reconsideration at 19.) But that is not so. The Court observed that where an account holder purchased securities on margin, RCM acquired the right – or the "security interest" – under the Customer Agreement to use all the securities in the account for the duration of the margin balance. RCM II, 2008 WL 4056159, at *7-8, 11. Accordingly, plaintiffs could not have been deceived when, during the pendency of such a balance, RCM availed itself of that right. Id. at *11. RCM's acquisition of a security interest under those circumstances, however, does not establish that plaintiffs were sellers of securities for purposes of this action. If RCM appropriated the securities and used them when the account holder had borrowed on margin, then there was, in fact, no fraud. If, however, RCM used the securities for its own benefit when the account holder had not borrowed on margin – plaintiffs' core allegation – then RCM acted wrongfully but did so without the transfer of a security interest or the accrual of any other rights under the Customer Agreement. In short, plaintiffs' argument about the transfer of a security interest does not alter the Court's conclusion that plaintiffs do not satisfy the purchaser-seller requirement.

Accordingly, repleading would be futile and a futile request to replead should be denied. See Hunt v. Alliance N. Am. Gov't Income Trust, 159 F.3d 723, 728 (2d Cir. 1998).[2]

---

[2] This rule may prevent the use of the federal securities laws to pursue wrongdoers, but as the Court noted in RCM II, "proper application of the [purchaser-seller rule] for standing to sue will undoubtedly prevent some otherwise meritorious claims from surviving motions to dismiss."

Finally, plaintiffs request that the Court "revise" its opinion in RCM II "so that, in the event that the Court's dismissal of the securities fraud claims is affirmed on appeal, [p]laintiffs will be granted leave to assert . . . common law claims in this Court that will relate back to the date of the original filings for statute of limitations purposes . . . ." (Pl. Mem. Reconsideration at 20). However, this request amounts to a demand for an advisory ruling as to the effect of an entirely hypothetical future pleading that might be asserted given the occurrence of contingent future events. In any event, plaintiffs' proposed revision has nothing to do with the Court's reconsideration of its opinion in RCM II. It need not be addressed here.

For the foregoing reasons, plaintiffs' motion for reconsideration is granted, but on reconsideration plaintiffs' motion for leave to amend is denied.

SO ORDERED.

Dated: New York, New York
       November 20, 2008

_____
GERARD E. LYNCH
United States District Judge

---

2008 WL 4056159, at *5 (internal citation and quotation marks omitted). However, preclusion of a federal securities complaint does not deprive plaintiffs of redress. See Blue Chip Stamps, 421 U.S. at 739 n.9 (noting that the disadvantage [of a bright-line purchaser-seller rule] is attenuated to the extent that remedies are available to nonpurchasers and nonsellers under state law). Indeed, plaintiffs have sought such redress by commencing an action in the Supreme Court of New York on September 15, 2008. On November 13, 2008, defendants removed that action to this Court on the ground that it is "related to" Refco's Chapter 11 bankruptcy, 28 U.S.C. § 1334(b), which is currently pending in this district. See In re Refco, Inc., No. 05-60006 (RDD) (Bankr. S.D.N.Y.).