# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                                               :
In re REFCO CAPITAL MARKETS, LTD.          :      06 Civ. 0643 (JSR)
BROKERAGE CUSTOMER SECURITIES              :      08 Civ. 6167 (2d Cir.)
LITIGATION                                 :
                                                               :
------------------------------------------------------------- x
```

## [PROPOSED] JUDGMENT AND ORDER
## OF DISMISSAL WITH PREJUDICE

WHEREAS, Lead Plaintiffs Global Management Worldwide Limited, Arbat

Equity Arbitrage Fund Limited and Russian Investors Securities Limited ("Lead

Plaintiffs"), on behalf of themselves and the class of persons and entities defined below,

and Defendants Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V,

L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., Thomas H. Lee Partners, L.P.,

Thomas H. Lee Equity Advisors V, LLC, THL Managers V, LLC, Thomas H. Lee

Advisors, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee

Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen

(the "Settling Defendants" and, together with the Lead Plaintiffs, the "Settling Parties"),

have entered into a Stipulation and Agreement of Settlement dated February 28, 2011

(the "Stipulation") that provides for a complete dismissal with prejudice of the claims

asserted in the above-referenced litigation (the "Action") against the Settling Defendants

on the terms and conditions set forth in the Stipulation, subject to the approval of this

Court (the "Settlement"); and

WHEREAS, the capitalized words and terms not otherwise defined herein shall have the meaning as set forth below in Section 1, entitled "Definitions";

WHEREAS, by Order dated May 3, 2011 (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the Settlement and certified a Settlement Class solely for purposes of effectuating the Settlement, (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members, (c) provided Settlement Class Members with the opportunity to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice having been given to the Settlement Class;

WHEREAS, this Court conducted a hearing on August 4, 2011 to consider, among other things, whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved, and whether a judgment should be entered dismissing the Action with prejudice as against the Settling Defendants (the "Settlement Hearing"); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Definitions**

The following terms shall have the following meanings for the purpose of this Judgment And Order of Dismissal With Prejudice:

1.1      "Action" means <u>In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation</u>, No. 06 Civ. 0643 (JSR), currently on appeal to the United States Court of Appeals for the Second Circuit (08-Civ-6167).

1.2      "Class Period" means the period beginning on October 17, 2000 through and including October 17, 2005.

1.3      "Court" means the United States District Court for the Southern District of New York, in which the Action was commenced.  The Court subsequently dismissed the Action with prejudice on August 28, 2008.  The Action is currently pending in the United States Court of Appeals for the Second Circuit.

1.4      "Defendants" means, collectively, the Settling Defendants and the Non-Settling Defendants.

1.5      "Effective Date" means the date upon which the Settlement contemplated by the Stipulation shall become final and effective as set forth in Section 7 of the Stipulation.

1.6      "Final Order and Judgment" means the judgment and order of dismissal with prejudice as set forth herein.

1.7      "Global Settlement" means the Settlement Agreement and General Release, dated as of February 28, 2011, between, among others, Lead Plaintiffs and the Settling Defendants.

1.8      "Lead Plaintiffs" means Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited and Russian Investors Securities Limited.

1.9      "Lead Plaintiffs' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP and Kirby McInerney & Squire, LLP.

1.10    "Non-Settling Defendants" means any Person, other than the Settling Defendants, who:  (a) is a named defendant in the Action; and/or (b) was previously a named defendant in the Action but was dismissed for any reason, whether by settlement, judgment or otherwise.

1.11    "Notice" means the Notice of (i) Proposed Settlement of Class Action with the THL Defendants and (ii) Hearing on Proposed Settlement, which was sent to Settlement Class Members on May 9, 2011.

1.12    "Person" means an individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity as well as each of their spouses, heirs, predecessors, successors, representatives or assignees.

1.13    "Preliminary Approval Order" means the proposed order entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class on May 3, 2011.

1.14    "Refco" means Refco, Inc., Refco Group Ltd., LLC, New Refco Group Ltd., LLC, Refco Finance Inc., Refco Finance Holdings LLC, Refco Capital Markets Ltd. ("RCM"), Refco Securities LLC and any and all predecessors and subsidiaries, whether direct or indirect.

1.15    "Refco Chapter 11 Plan" means the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, as confirmed by the United States Bankruptcy Court for the Southern District of New York on December 26, 2006.

4

1.16    "Refco-THL Estate Action" means the action commenced by the Trustee for the Refco Litigation Trust against the Settling Defendants entitled *Kirschner v. Thomas H. Lee Partners, LP, et al*, No. 07 Civ. 7074 (JSR) (S.D.N.Y.).

1.17    "Refco Litigation Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Litigation Trust Agreement, dated December 26, 2006.

1.18    "Refco Private Actions Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Non-Estate Private Actions Trust Agreement, dated December 26, 2006.

1.19    "Released Claims" means, collectively, all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims.

1.20    "Released Defendant Persons" means each and all of the following: (a) the Settling Defendants; (b) the Settling Defendants' respective past and/or present affiliates (to the extent not otherwise covered in clause (c)), and subsidiaries (the "Affiliated Releasees"); provided, however, that Affiliated Releasees does not include Refco and/or Refco Group Holdings, Inc. ("RGHI"); (c) the past and/or present employees, officers, general partners, parents and directors of any of the Settling Defendants or any of the Affiliated Releasees (the "Additional Releasees," together with the Settling Defendants and the Affiliated Releasees, the "Releasees"); provided, however, that the past and/or present employees, officers, partners, parents and directors of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; (d) the Releasees' past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers,

principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estates administrators, predecessors, divisions, successors and assigns (the "Related Releasees"); provided, however, that those of the Related Releasees who are such in their capacity as past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estate administrators, predecessors, divisions, successors and/or assigns of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; and (e) the Settling Defendants' limited partners (including without limitation those who co-invested in Refco alongside the THL Funds in August 2004) and each of their past and/or present employees, officers, partners, directors, managing directors, heirs, executors, trustees, and estates administrators (the "Limited Partner Releasees"); provided, however, that the Limited Partner Releasees are being released solely in their capacity as limited partners of the Settling Defendants and/or as co-investors who invested in Refco alongside the THL Funds in August 2004.

Released Defendant Persons also includes any Person who received any portion of the payments or transfers identified in Counts I, II and/or III of the First Amended Complaint filed in the Refco-THL Estate Action, on or about December 4, 2009, either directly from the transferors identified in the First Amended Complaint or from any of the Settling Defendants (the "Subsequent Transferees"); provided however, that with regard to any of the Subsequent Transferees who are not also Releasees, Related Releasees, or Limited Partner Releasees, the Released Claims are limited to those claims that are derivative of

or otherwise arise out of claims or allegations raised or made in the First Amended
Complaint.

Notwithstanding this provision or any other provision in this Final Order and Judgment,
"Released Defendant Persons" does not include any of the existing defendants in the
following actions as of January 14, 2011, all of which the parties acknowledge and agree
are listed on Annex A attached hereto (and/or (a) their successors, assigns, transferees, or
(b) any individual or entity, which individual or entity knew or should have known that it
would have been sued in one of the following actions but for a mistake in using the
wrong name to identify such person or entity, and in addition, such person or entity knew
of the existence of the action):  (i) *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ.
11604 (S.D.N.Y), including but not limited to Ernst & Young U.S. LLP, Tone N. Grant,
Robert C. Trosten, Refco Group Holdings, Inc., Phillip R. Bennett, Santo C. Maggio,
Grant Thornton LLP, Mayer Brown LLP, Mayer Brown International LLP,
PriceWaterhouseCoopers LLP, Credit Suisse Securities (USA) LLC, Banc of America
Securities LLC, Deutsche Bank Securities Inc., Liberty Corner Capital Strategies LLC,
William T. Pigott, Ingram Micro.  Inc., CIM Ventures, Inc., Beckenham Trading
Company, Inc. and Andrew Krieger; (ii) *Kirschner v. KPMG LLP.*, 08-Civ. 8784
(S.D.N.Y), including but not limited to KPMG LLP; (iii) *Kirschner v. Bennett et al.*, 07-
Civ. 8165 (S.D.N.Y), including but not limited to Phillip R. Bennett, Santo C. Maggio,
Grant Thornton LLP, Mayer Brown International LLP, and Mayer Brown LLP;
(iv) *Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y), including but not limited to
Clarnet Properties S.A., and W.P.M., S.A.; (v) *Kirschner v. Agoglia, et al.*, Adv. Pro.
No. 07-03060 (Bankr. S.D.N.Y), including but not limited to Phillip R. Bennett, John

Agoglia, Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust, Edwin L. Cox,

Sukhmeet Dhillon, Trustee(s) of the Dittmer Family Trust, Stephen J. Grady, Tone Grant,

Eric Lipoff, Peter J. McCarthy, Joseph Murphy, Frank Mutterer, William M. Sexton,

Santo C. Maggio, Robert C. Trosten, Memphis Holdings LLC, MLC First Cayman Ltd,

Refco Group Holdings, Inc., Willard Sparks and the MSD Family Trust; (vi) *Kirschner v.*

*Sugrue, et al.*, 07-Civ. 645 (Delaware), including but not limited to Christopher Sugrue;

(vii) *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.),

including but not limited to Tradition Asiel Securities, Inc.; (viii) *Kirschner v. The New*

*York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.), including but

not limited to The New York Times Co. d/b/a NewYorkTimes.com; (ix) *Kirschner v.*

*VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.),

including but not limited to VTB Bank aka Bank for Foreign Trade of Russia; and

(x) *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.), including but not

limited to Icon Interiors, Inc. However, this final paragraph (the third paragraph of this

provision) does not apply to the Settling Defendants.

     1.21   "Released Defendants' Claims" means any and all claims, demands,

actions, causes of action, obligations, debts, judgments, interests, complaints, claims,

liabilities, promises, agreements, controversies, suits, rights, damages, costs, losses,

debts, charges, expenses (including attorneys' fees and disbursements of counsel, other

professionals and consultants) and liabilities of any and all kind, nature and description,

whether direct or derivative, whether at law or in equity (upon any legal or equitable

theory, whether contractual, tort-based, common law or statutory, whether arising under

federal, state, common or foreign law, whether based on bad faith, allegedly intentional,

willful, negligent or reckless conduct, whether asserted as claims, cross-claims, counterclaims, third-party claims or in any other manner in any pleadings or filings in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere), whether such are known or Unknown (as that term is employed and defined in Paragraph 1.34 below), secured or unsecured, contingent or absolute, choate or inchoate, suspected or unsuspected, ripened or unripened, liquidated or unliquidated, perfected or unperfected, whether asserted on the Releasing Defendants' behalf or on behalf of another Person, whether asserted by any or all of the Releasing Defendants, against any or all of the Released Plaintiff Persons and whether they be directly, indirectly, nominally or beneficially, possessed or claimed by the Releasing Defendant, that such Person, or any Person or entity claiming through such Person or by right in respect of such Person, has ever had since the beginning of time, now has, or that may arise or accrue in the future and that arise out of or relate in any way to the institution, prosecution or settlement of the Action, except for claims relating to the enforcement of the Settlement.  Nothing in this Definition is intended to release any of the claims identified in Paragraph 1l(c) below that were or may be asserted by any of the Settling Defendants.  Moreover, nothing in this Definition is intended to modify or limit the releases contained in the Global Settlement.

     1.22    "Released Persons" means, collectively, the Released Plaintiff Persons and the Released Defendant Persons.

     1.23    "Released Plaintiff Persons" means, collectively, Lead Plaintiffs, the Refco Litigation Trust, the Refco Private Actions Trust, the Trustee, members of the

Board of Directors of the Refco Litigation Trust, members of the Board of Directors of the Refco Private Actions Trust, Refco, together with any of its affiliates, the Refco Estate, the Refco Plan Administrators, Marc S. Kirschner and Robert Manzo, Lead Plaintiffs' Counsel and the law firm Quinn Emanuel Urquhart & Sullivan, LLP, Settlement Class Members, any other counsel any Settlement Class Member retained or employed in this Action and each of their respective past and/or present affiliates, subsidiaries, general partners, parents and limited partners, employees, officers, partners, directors, managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estates administrators, predecessors, divisions, successors and assigns; *provided*, *however*, that "Released Plaintiff Persons" does not include Grant Thornton LLP, Refco Group Holdings, Inc., Phillip R. Bennett individually or in his capacity as owner of Refco Group Holdings, Inc., or the estate of Phillip R. Bennett.

1.24    "Released Plaintiffs' Claims" means any and all claims, demands, actions, causes of action, obligations, debts, judgments, interests, complaints, claims, liabilities, promises, agreements, controversies, suits, rights, damages, costs, losses, debts, charges, expenses (including attorneys' fees and disbursements of counsel, other professionals and consultants) and liabilities of any and all kind, nature and description, whether direct or derivative, whether at law or in equity (upon any legal or equitable theory, whether contractual, tort-based, common law or statutory, whether arising under federal, state, common or foreign law, whether based on bad faith, allegedly intentional, willful, negligent or reckless conduct, whether asserted as claims, cross-claims, counterclaims, third-party claims or in any other manner in any pleadings or filings in this Court, in any

federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere), whether such are known or Unknown (as that term is employed in Paragraph 1.34 below), secured or unsecured, contingent or absolute, choate or inchoate, suspected or unsuspected, ripened or unripened, liquidated or unliquidated, perfected or unperfected, whether asserted on the Releasing Plaintiffs' own behalf or on behalf of another Person, and whether they be directly, indirectly, nominally or beneficially, possessed or claimed by the Releasing Plaintiff, that such Person, or any Person or entity claiming through such Person or by right in respect of such Person, has ever had since the beginning of time, now has, or that may arise or accrue in the future against any of the Released Defendant Persons that:  (a) in any way arise out of, are based upon, relate to or concern the facts, matters, occurrences, claims made, allegations, representations, omissions, actions (or failure to act), transactions, agreements, or conduct alleged, complained of, set forth, referred to, involved in or which could have been raised or made in the Complaint and/or in the Action; (b) in any way relates to or concerns Refco and/or RGHI, or the conduct of any of Refco's and/or RGHFs present or former partners, limited partners, officers, directors, employees, agents, affiliates, accountants, auditors, advisors, representatives, professionals, owners or attorneys to the extent that such conduct relates in any way to the conduct complained of or that could have been complained of in the Action that has occurred prior to the Effective Date; (c) in any way arise out of, are based upon, relate to or concern the THL Funds' investment in Refco, including, without limitation, the initial investment in August 2004, the transactions, agreements, matters, due diligence and events leading thereto and undertaken in connection therewith; (d) in any way arise out of, are based

upon, relate to or concern any and all agreements entered into by and between any of the

Released Defendant Persons and Refco and/or RGHI, including without limitation, the

Management Agreement, entered into August 5, 2004, by and between New Refco Group

Ltd., LLC, Refco Group Ltd., LLC and THL Managers V LLC; (e) in any way arise out

of, are based upon, relate to or concern Refco's August 2005 initial public offering; (f) in

any way arise out of, are based upon, relate to or concern securities deposited or held at

RCM and/or Refco Securities, LLC; (g) in any way arise out of, are based upon, relate to

or concern the 9% Senior Subordinated Notes due 2012, issued by Refco Group Ltd.,

LLC and Refco Finance Inc. (and guaranteed by other Refco entities); (h) in any way

arise out of, are based upon, relate to or concern the cases filed by any Refco entity under

title 11 of the United States Code on or around October 17, 2005, and any subsequent

proceedings therein, as well as any and all related cases; (i) in any way arise out of, are

based upon, relate to or concern claims under any section of title 11 of the United States

Code, including but not limited to 11 U.S.C. §§ 502(j) and (h), that in any way relates to

or concerns Refco and/or RGHI; and/or (j) in any way arise out of, are based upon, relate

to or concern the facts, matters, occurrences, claims made, allegations, representations,

omissions, actions (or failure to act), transactions, agreements, or conduct alleged,

complained of, set forth, referred to, involved in or which could have been raised or made

in *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y); *Kirschner v.

KPMG LLP.*, 08-Civ. 8784 (S.D.N.Y); *Kirschner v. Bennett et al.*, 07-Civ. 8165

(S.D.N.Y); *Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y); *Kirschner v. Agoglia, et

al.*, Adv. Pro.  No. 07-03060 (Bankr. S.D.N.Y); *Kirschner v. Sugrue, et al*, 07-Civ. 645

(Delaware); *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr.

S.D.N.Y.); *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.); *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.); and *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.).

1.25    "Releasing Defendants" means each and all of the following:  (a) Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P., THLP, Thomas H. Lee Advisors, LLC, THL Managers V, LLC, THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, the 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen and (b) all of the THL Defendants' present or former partners, limited partners, officers, directors, employees, agents, affiliates, owners, predecessors, successors, assigns, heirs, executors, administrators, and trustees and any other Person who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on those claims, to the extent any such persons and entities described in this subsection (b) are within the THL Defendants' control.

1.26    "Releasing Plaintiffs" means each and all of the following:  (a) Lead Plaintiffs, (b) every Settlement Class Member, and (c) all of their present or former partners, limited partners, officers, directors, employees, agents, affiliates, owners, predecessors, successors, assigns, heirs, executors, administrators, trustees, and any other Person who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on

those claims, to the extent any such persons and entities described in this subsection (c) are within any of Lead Plaintiffs' or Settlement Class Members' control.

1.27    "Releasing Persons" means, collectively, the Releasing Plaintiffs and the Releasing Defendants.

1.28    "Settlement" means the resolution and settlement of the Action as against the Settling Defendants pursuant to, and in accordance with, the terms and provisions of the Stipulation.

1.29    "Settlement Class" means all securities brokerage customers of RCM who:  (i) at any time from October 17, 2000 to October 17, 2005, placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Action Trust.  Excluded from the Settlement Class are:  (a) Refco; (b) the Defendants; (c) officers and directors of Refco and the Defendants; (d) members of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities.

1.30    "Settlement Class Member" means any person or entity that falls within the definition of the Settlement Class as defined above in Paragraph 1.28 and who or which is not excluded therefrom.

1.31    "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and in the best interests

of the Settlement Class and should be approved as described in Paragraph 3.1 of the Stipulation.

1.32   "Settling Defendants" means Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P. (the "THL Funds"); Thomas H. Lee Partners, L.P. ("THLP"), THL Managers V, LLC, Thomas H. Lee Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee Investors Limited Partnership and The 1997 Thomas H. Lee Nominee Trust and any predecessor or related THL entities named in any prior version of the Complaint, including, without limitation, Thomas H. Lee Equity (Cayman) Fund, THL Refco Acquisition Partners, THL Refco Acquisition Partners II and THL Refco Acquisition Partners III (collectively, with THLP, the "THL Entities"); and Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen (collectively, with the THL Entities and the THL Funds, the "THL Defendants").

1.33   "Settling Defendants' Counsel" means, collectively, the law firms of Weil, Gotshal & Manges LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP.

1.34   "Settling Parties" means, collectively, the Settling Defendants and the Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.35   "Unknown," for the purposes of the releases, is defined in Paragraph 8.4 of the Stipulation.

2.   **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

3. **Incorporation of Settlement Documents** – This Final Order and Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on March 2 and July 14, 2011; and (b) the Notice, which was filed with the Court on March 2 and July 14, 2011.

4. **Settlement Class Findings** – With respect to the Settlement Class set forth below, this Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against the Settling Defendants by Lead Plaintiffs and the Settlement Class that the prerequisites for a class action under Rules 23(a) and 23(b)(l) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel, Kirby McInerney & Squire, LLP and Milbank, Tweed, Hadley & McCloy ("Lead Plaintiffs' Counsel") have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a) **Final Settlement Class Certification** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies solely for the purpose of effectuating this Settlement, a class of all securities brokerage customers of Refco Capital Markets Ltd. ("RCM") who:  (i) at any time from October 17, 2000 to October 17, 2005 (the "Class Period"), placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-

keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Action Trust.  Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) officers and directors of Refco and the Defendants; (d) members of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities.

5.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court certifies Lead Plaintiffs as Settlement Class representatives and appoints Lead Plaintiffs' Counsel as Settlement Class counsel.

6.     **Notice** – The Court finds that the distribution of the Notice: (a) was implemented in accordance with the Court's May 3, 2011 Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), and of their right to appear at the Settlement Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4, *et seq.*) (the "PSLRA"), and all other applicable law and rules.

7.     **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein and the dismissal with prejudice of any and all of the Released Claims against each and every one of the Released Persons) and finds that the Settlement is, in all respects, fair, reasonable and adequate and is in the best interests of Lead Plaintiffs and the Settlement Class.

8.     The Action and all of the claims against the Settling Defendants by the Settlement Class Members and the Lead Plaintiffs are hereby dismissed on the merits and with prejudice, as of the Effective Date.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.     **<u>Binding Effect</u>** – The terms of the Stipulation and of this Final Order and Judgment shall forever be binding on Lead Plaintiffs and every Settlement Class Member; each and all of their respective predecessors, successors, representatives, affiliates, agents, heirs, executors, trustees, personal representatives, estates, administrators, and assigns; and any other person or entity who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Plaintiffs' Claims belonging to a Settlement Class Member to obtain the proceeds of any recovery therefor but only with respect to those claims.  The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.      **Releases** – The releases as set forth in Paragraphs 8.2 and 8.3 of the
Stipulation (the "Releases") together with the definitions contained in Section 1 of the
Stipulation relating thereto are expressly incorporated herein in all respects.  The
Releases are effective as of the Effective Date.  Accordingly, this Court orders that, as of
the Effective Date:

(a)      each and every one of the Releasing Plaintiffs by operation of this
Final Order and Judgment shall:  (i) have and be deemed to have fully, finally and forever
released, relinquished and discharged each and every one of the Released Defendant
Persons from any and all of the Released Plaintiffs' Claims; (ii) have and be deemed to
have covenanted not to sue any of the Released Defendant Persons with respect to any
and all of the Released Plaintiffs' Claims; and (iii) forever be barred and enjoined from
filing, commencing, prosecuting intervening in, participating in (as class member or
otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration or
other proceeding or order in any jurisdiction that is based upon, arises out of or relates to
any and all of the Released Plaintiffs' Claims against any of the Released Defendant
Persons.  Nothing in this Paragraph is intended to release any claims asserted by Lead
Plaintiffs (or the Settlement Class) against any of the Non-Settling Defendants in the
Action;

(b)      each and every one of the Releasing Defendants by operation of
this Final Order and Judgment shall:  (i) have and be deemed to have fully, finally and
forever released, relinquished and discharged each and every one of the Released
Plaintiff Persons from any and all of the Released Defendants' Claims; (ii) have and be
deemed to have covenanted not to sue any of the Released Plaintiff Persons with respect

to any and all of the Released Defendants' Claims; and (iii) forever be barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class member or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to the Released Defendants' Claims against any of the Released Plaintiff Persons; *provided*, *however*, that nothing in subparagraph (iii) above, the Stipulation or this Final Order and Judgment shall limit or bar claims that do not seek recovery for the Settling Defendant's actual or threatened liability to the Lead Plaintiffs or any Settlement Class Member in connection with the Action, including but not limited to, the claims asserted by the THL Funds in the following actions:  (i) *Thomas H. Lee Equity Fund V, L.P., et al. v. Philip R. Bennett, et al.*, 05 Civ. 9608 (JSR) (S.D.N.Y) and (ii) *Thomas H. Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663 (JSR) (S.D.N.Y); and

    (c)  The Released Plaintiffs' Claims shall be compromised, settled, discharged and dismissed as against the Released Defendant Persons on the merits and with prejudice by virtue of this Final Order and Judgment.  The Released Defendants' Claims shall be compromised, settled, discharged and dismissed as against the Released Plaintiff Persons on the merits and with prejudice by virtue of this Final Order and Judgment.

Notwithstanding anything to the contrary above, the Released Claims do not include claims to enforce this Final Order and Judgment and the Settlement, and any or all of their terms, including but not limited to the releases provided for in this Final Order and Judgment.

11.   **Contribution Bar Order** – The Court hereby:

(a)   permanently bars, enjoins and restrains any and all Persons from commencing, prosecuting or asserting against any of the Released Defendant Persons any claim for contribution or indemnity arising out of the Action (or any other claim where the injury to the claiming Person is the claiming Person's actual or threatened liability to the Lead Plaintiffs or any Settlement Class Member arising out of the Action);

(b)   permanently bars, enjoins and restrains the Released Defendant Persons from commencing, prosecuting or asserting against any and all Persons (other than a Person whose liability has been extinguished by the Settlement) any claim for contribution or indemnity arising out of the Action (or any other claim where the injury to the Released Defendant Person is the Released Defendant Persons' actual or threatened liability to the Lead Plaintiffs or any Settlement Class Member arising out of the Action); and

(c)   provides that nothing in subparagraphs (a) and (b) above, the Stipulation or this Final Order and Judgment shall limit or bar claims that do not seek recovery for the Settling Defendant's actual or threatened liability to the Lead Plaintiffs or any Settlement Class Member in connection with the Action, including but not limited to, the claims asserted by the THL Funds in the following actions:  (i) *Thomas H. Lee Equity Fund V, L.P., et al. v. Philip R. Bennett, et al*, 05 Civ. 9608 (JSR) (S.D.N.Y) and (ii) *Thomas H. Lee Equity Fund V, L.P., et al, v. Grant Thornton LLP*, 07 Civ. 8663 (JSR) (S.D.N.Y).

12.   **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against a

Non-Settling Defendant or Non-Settling Defendants shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class for common damages.

13.   **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and/or settlement of the Action.  The Court further finds that Lead Plaintiffs and Lead Plaintiffs' Counsel adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement.

14.   **No Admissions** – This Final Order and Judgment, the facts and terms of the Settlement and Stipulation (including all exhibits thereto) as well as all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Settlement;

(a)      shall not be described as, construed as, interpreted as, or offered or received against any of the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession or admission by any of the Settling Defendants as to:  (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim that has been or could have been asserted in the Action or in any other litigation; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation; and/or (iv) any liability, negligence, fault, or wrongdoing on their part;

(b)      shall not be described as, construed as, interpreted as or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class;

(c)      shall not be described as, construed as, interpreted as, offered or received against any of the Settling Defendants, Lead Plaintiffs and/or any Settlement Class Member as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to said Lead Plaintiffs or Settlement Class Members after trial; and

(d)      shall not be offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, except in connection with any action, litigation or proceeding to enforce the terms of the Stipulation.

15.      Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Stipulation or this Final Order and Judgment.  Notwithstanding Paragraph 14, any of the Released Persons may file, cite and/or refer to the Stipulation and this Final Order and Judgment in any other action or proceeding that may be brought against them in any forum in order to effectuate the liability protection granted hereunder, or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.      **Retention of Jurisdiction** – Without affecting the finality of this Final Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation,

implementation and enforcement of the Settlement; and (b) the Settlement

Class Members for all matters relating to the Action.

      17.    **Modifications of the Settlement Agreement** – Without further approval

from the Court, Lead Plaintiffs and Settling Defendants are hereby authorized to agree to

and adopt such amendments and modifications of the Stipulation or any exhibits attached

thereto to effectuate this Settlement that:  (a) are not materially inconsistent with this

Final Order and Judgment; and (b) do not materially limit the rights of Settlement

Class Members in connection with the Settlement.  Without further order of the Court,

Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to

carry out any provisions of the Settlement.

      18.    **Entry of Final Judgment** – There is no just reason to delay the entry of

this Final Order and Judgment as a final judgment as against the Settling Defendants.

The Clerk of the Court is expressly directed to immediately enter final judgment as

against the Settling Defendants, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure.

      19.    **Termination** – If the Effective Date does not occur or the Stipulation is

terminated, then this Final Order and Judgment (and any orders of the Court relating to

the Settlement) shall be vacated, rendered null and void and be of no further force or

effect, except as otherwise provided by the Stipulation.


SO ORDERED this _____ day of _____, 2011.


                                            _____
                                          The Honorable Jed S. Rakoff
                                          United States District Judge

Annex A
List of Defendants as of January 14, 2011

1. *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y)

- Grant Thornton LLP
- Mayer, Brown, Rowe & Maw, LLP
- Ernst & Young U.S. LLP
- PricewaterhouseCoopers LLP
- Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston$_{(1)}$ LLC)
- Banc of America Securities LLC$_{(1)}$
- Deutsche Bank Securities Inc.$_{(1)}$
- Phillip R. Bennett
- Santo C. Maggio
- Robert C. Trosten
- Tone N. Grant
- Refco Group Holdings, Inc.
- Liberty Corner Capital Strategies, LLC
- William T. Pigott$_{(2)}$
- EMF Financial Products, LLC$_{(2)}$
- EMF Core Fund, Ltd.$_{(2)}$
- Delta Flyer Fund, LLC$_{(2)}$
- Eric M. Flanagan$_{(2)}$
- Ingram Micro, Inc. $_{(2)}$
- CIM Ventures, Inc. $_{(2)}$
- Beckenham Trading Co. Inc.$_{(2)}$
- Andrew Krieger$_{(2)}$
- Coast Asset Management, LLC (f/ka/ Coast Asset Management LP)$_{(2)}$
- CS Land Management, LLC$_{(2)}$
- Christopher Petitt$_{(2)}$

2. *Kirschner v. KPMG LLP,* 08-Civ. 8784 (S.D.N.Y)

- KPMG LLP

3. *Kirschner v. Bennett, et al.*, 07-Civ. 8165 (S.D.N.Y)

- Phillip R. Bennett
- Santo C. Maggio
- Robert C. Trosten
- Mayer, Brown LLP
- Mayer Brown International LLP
- Grant Thornton LLP

4.   *Kirschner v. Hackl, et al.*, 07-Civ. 09238 (S.D.N.Y)

- Thomas Hackl(2)
- Clarnet Properties S.A.(2)
- Acies Asset Management S.A.(2)
- W.P.M. S.A.(2)

5.   *Kirschner v. Agoglia, et al.*, Adv. Pro.  No. 07-03060 (Bankr. S.D.N.Y)

- John D. Agoglia(2)
- Philip R. Bennett
- The Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust
- Edwin L. Coxa)
- Sukhmeet "Micky" Dhillon(2)
- The Trustee(s) of the Jasdeep Dhillon Trustee MSD Family Trust(2)
- Thomas H. Dittmer
- The Trustee(s) of the Dittmer Trust
- Stephen Grady(2)
- Tone N. Grant
- Eric Lipoff(2)
- Santo Maggio
- Peter McCarthy
- Joseph Murphy
- Frank Mutterer
- William Sexton
- Willard Sparks
- Robert Trosten
- Memphis Holdings LLC(2)
- MLC First Cayman Ltd.(2)
- Refco Group Holdings, Inc.
- John Does 1 Through 10 (defined as "unidentified entities and/or individuals who received directly or indirectly funds or assets from the Debtors that constitute fraudulent transfers and/or preferential transfers")(3)

6.   *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware)

- Christopher Sugrue(2)
- John Does (defined as "persons who [sic] Sugrue distributed the Suffolk-SUG transfers subsequent to his receipt.  Thus, the John Does are the immediate or mediate transferees of the SUG Loan proceeds *via* the fraudulent transfer from Refco Capital to Suffolk-SUG.")(3)

7.   *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.)

- Tradition Asiel Securities, Inc.(2)

8.     *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.)

- The New York Times Co., dba New York Times.com

9.     *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.)

- VTB Bank aka Bank for Foreign Trade of Russia

10.    *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.)

- Icon Interiors, Inc.[2]

---

(1)     The parties acknowledge and agree that the listing of this defendant shall not vitiate or in any way limit the release under clause (e) of the definition of "THL Released Person" as it relates to any affiliate of this defendant in its capacity as an investor in any of the THL Funds or as a co-investor with any of the THL Funds in Refco.

(2)     The parties acknowledge and agree that if this defendant is an assignee, transferee or successor of any person who was an investor in any of the THL funds, or who co-invested with any of the THL Funds in Refco, then solely in its capacity as such an assignee, transferee or successor, this defendant shall be entitled to the same release to which its assignor, transferor or predecessor was entitled under clause (e) of the definition of "THL Released Person".

(3)     The parties acknowledge and agree that no person included in the definition of the "THL Released Person" shall be substituted for or otherwise covered by this listed class of defendants.