

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                              :

In re REFCO CAPITAL MARKETS, LTD.     :
BROKERAGE CUSTOMER SECURITIES    :   06-CIV-0643 (JSR)
LITIGATION                        :   08-CIV-6167 (2d Cir.)
                              :

------------------------------------------------------------------ x

## STIPULATION AND AGREEMENT OF SETTLEMENT

       This Stipulation and Agreement of Settlement, dated  February 28, 2011

(the "Stipulation"), is made and entered into, through their counsel, between Lead

Plaintiffs Global Management Worldwide Limited, Arbat Equity Arbitrage Fund

Limited, and Russian Investors Securities Limited ("Lead Plaintiffs"), on behalf of

themselves and the class of persons and entities defined below, and Defendants Thomas

H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee

Equity (Cayman) Fund V, L.P., Thomas H. Lee Partners, L.P., THL Managers V, LLC,

Thomas H. Lee Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee

Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee,

David V. Harkins, Scott L. Jaeckel and Scott A. Schoen.  Subject to the terms and

conditions set forth herein and the Court's approval pursuant to Rule 23 of the Federal

Rules of Civil Procedure, the settlement embodied in this Stipulation is intended by the

Settling Parties:  (a) to be in full and final disposition of the Action with respect to the

Settling Defendants; and (b) to fully, finally and forever resolve, discharge, dismiss and

settle the Released Claims against the Released Persons.[1]

---

[1] All capitalized words or terms, not otherwise defined herein, shall have the meaning as
set forth below in Paragraph 1 hereof, entitled "Definitions."

**WHEREAS,**

A.      The Refco Chapter 11 Plan established two litigation trusts to pursue potential claims against third parties. The first trust, the Refco Litigation Trust, was established to pursue claims belonging to Refco or its affiliates. The Refco Litigation Trust commenced an action against the Settling Defendants entitled *Kirschner v. Thomas H. Lee Partners, LP, et al*, No. 07 Civ. 7074 (JSR) (S.D.N.Y.). The beneficiaries of the Refco Litigation Trust include each Settlement Class Member, as customers and creditors of Refco, as well as other general unsecured creditors of Refco entities.

B.      The second trust, the Refco Private Actions Trust, was established so that creditors and customers of Refco and its affiliates could contribute any claims they may have individually against third parties (or recoveries under such claims) to a single entity to pursue. All the Settlement Class Members, as well as the vast majority of the other beneficiaries of the Refco Litigation Trust, have contributed their individual claims to the Refco Private Actions Trust (except that with respect to securities fraud claims asserted in the Action, among others, only the rights to proceeds of such claims were contributed) and are, therefore, beneficiaries of the Refco Private Actions Trust. Recoveries in the Action are among the proceeds contributed to the Refco Private Actions Trust and, as a result, are required to be distributed to the beneficiaries of such trust. Marc S. Kirschner serves as Trustee (the "Trustee") for both the Refco Litigation Trust and the Refco Private Actions Trust.

C.      The Trustee has represented to the Settling Defendants that the beneficiaries of both trusts are substantially similar because the holders of greater than

ninety percent (90%) of the beneficial interests in the Refco Litigation Trust are also
beneficiaries under the Refco Private Actions Trust.  The Trustee has also represented to
the Settling Defendants that the proceeds from any global settlement of claims involving
both the Refco Litigation Trust and the Refco Private Actions Trust are to be shared
equally between the two trusts.

        D.      The Action was commenced on January 26, 2006, when Global
Management Worldwide Limited, a brokerage customer of Refco Capital Markets Ltd.
("RCM") (a subsidiary of Refco, Inc.), filed a putative Class Action Complaint in this
Court asserting claims under the federal securities laws against the Settling Defendants
and other individuals and entities.

        E.      By Order dated July 7, 2006, the Court:  (i) consolidated the action
commenced by Global Management Worldwide Limited with a separate action against an
unrelated defendant under the caption In re Refco Capital Markets, Ltd. Brokerage
Customer Securities Litigation, 06 Civ. 0643 (S.D.N.Y.); (ii) appointed Global
Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited and Russian
Investors Securities Limited as Lead Plaintiffs; and (iii) appointed Kirby McInerney &
Squire, LLP as Lead Counsel for the plaintiffs.  Thereafter, by Order dated May 1, 2008,
the Court appointed Milbank, Tweed, Hadley & McCloy LLP as Co-Lead Counsel for
plaintiffs and re-designated Kirby McInerney & Squire, LLP as Co-Lead Counsel for
plaintiffs.

        F.      On September 5, 2006, Lead Plaintiffs filed a Consolidated
Amended Class Action Complaint.  On January 19, 2007, the Settling Defendants moved
to dismiss the Consolidated Amended Class Action Complaint, which Lead Plaintiffs

opposed.  On September 13, 2007, the Court granted the Settling Defendants' motion to

dismiss the Consolidated Amended Class Action Complaint, but granted Lead Plaintiffs'

request for leave to replead.

        G.      On December 21, 2007, Lead Plaintiffs filed a Second Amended

Consolidated Class Action Complaint (the "Complaint").  The Complaint alleges

violations of the Securities Exchange Act of 1934 during the Class Period and changed

the definition of the class such that the Settlement Class Members included only those

former customers of RCM that had assigned the proceeds of their claims to the Refco

Private Actions Trust.  Prior to the filing of the Complaint, the amended definition of the

class was presented to the Court at a hearing dated November 20, 2007.

        H.      On February 21, 2008, the Settling Defendants moved to dismiss

the Complaint.  On August 28, 2008, the Court granted the Settling Defendants' motion

to dismiss the Complaint, with prejudice.  On December 19, 2008, Lead Plaintiffs filed a

notice of appeal to the United States Court of Appeals for the Second Circuit (the

"Second Circuit").  The appeal was fully briefed by the parties and oral argument was

heard on October 19, 2009.  No decision has yet been rendered.

        I.      Notwithstanding the above-referenced motion practice, and

beginning in 2008, the parties participated in an extensive discovery process in the Refco-

Related Actions, which process was, by Order dated December 11, 2007, coordinated

with the other Refco-Related Actions also pending in this Court.  Although the parties did

not complete all of the discovery that would have been necessary for purposes of the

Action should the Action have proceeded beyond the pleadings stage, the discovery

process included the production of millions of pages of emails, memoranda, and other documents by parties and non-parties as well as approximately 100 depositions.

J.      Following arms'-length negotiations -- including two mediation sessions and extensive discussions between counsel for the Settling Parties -- Lead Plaintiffs and the Settling Defendants entered into a Settlement Agreement and General Release, dated as of February 28, 2011 (the "Global Settlement"), providing for a global settlement of the Refco-THL Estate Action under which the Settling Defendants will make a payment to the Refco Litigation Trust to settle the statutory avoidance claims specified in Counts I, II and III of the First Amended Complaint, filed on or about December 4, 2009, in the Refco-THL Estate Action (the "First Amended Complaint"). The Global Settlement also provides for dismissal with prejudice of all other claims in the Refco-THL Estate Action, as well as all claims in this Action and the following Refco-Related Actions, against the Settling Defendants:  (i) *Capital Management Select Fund Ltd., et al.  v. Bennett, et al.*, No. 08 Civ. 6166 (2d Cir.); (ii) *VR Global Partners LP, et al. v. Bennett, et al.*, No. 08 Civ. 6230 (2d Cir.); and (iii) *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, No. 08 Civ. 09810 (JSR) (S.D.N.Y.).

K.      As part of the Global Settlement, the Settling Defendants ascribe no monetary value to this Action.  Although Lead Plaintiffs' Counsel do not agree with the Settling Defendants' position, they do agree, having undertaken an extensive factual investigation and legal analysis as to the claims against the Settling Defendants in the Action and the Settling Defendants' defenses to those claims, that it is extremely difficult to arrive at a predicted monetary value of the Action.

L.    In any event, Lead Plaintiffs' Counsel has concluded that it is not

necessary to reach a conclusion about the value of the Action because, if the Settlement is

finally approved, and based on the formulas for allocating distributions between

Settlement Class Members and the other beneficiaries of the Refco Litigation Trust and

the Refco Private Actions Trust (*i.e.*, certain other unsecured creditors of Refco), the

Settlement Class Members will receive approximately $40 million from the Global

Settlement described above.  In light of the foregoing, Lead Plaintiffs' Counsel has

concluded that the terms and conditions of the Settlement provided for in this Stipulation

are fair, reasonable, adequate and in the best interests of the Settlement Class.

M.    The Trustee has represented to the Settling Defendants and the

Court that ascribing no monetary value to the Action will not have a material effect on

the recoveries for the Settlement Class Members because (i) the Refco Private Actions

Trust Agreement provides that for any settlement that involves the resolution of claims of

both the Refco Private Actions Trustee and the Litigation Trustee, the proceeds are

divided equally among the Trusts and this has been the practice of the Trusts; and (ii)

there is a substantial overlap in the beneficiaries of the Refco Litigation Trust and the

Refco Private Actions Trust.

N.    The Settling Parties agree that the terms of the Settlement set forth

in this Stipulation, which remain subject to Court approval, were negotiated at arms'-

length, in good faith and reflect a settlement that was reached voluntarily after

consultation with experienced legal counsel.

O.    Each and all of the Settling Defendants continue to deny any and

all allegations of wrongdoing, fault, liability or damages to Lead Plaintiffs and/or the

Settlement Class and believe that they acted at all times properly, in good faith and in a manner consistent with their legal duties and obligations and deny any wrongdoing, fault, liability or damages to Lead Plaintiffs and/or the Settlement Class.

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED** by and between Lead Plaintiffs (on behalf of themselves and the Settlement Class Members) and the Settling Defendants, through their respective attorneys, that, in consideration of the benefits flowing to all parties hereto, all claims asserted in the Action against the Settling Defendants shall be settled, compromised, released and dismissed with prejudice, and without costs, on the terms and conditions stated below, subject to Court approval following a Settlement Hearing to be held pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.  **Definitions**

The following terms shall have the following meanings for the purpose of this Stipulation and the exhibits to this Stipulation:

1.1   "Action" means In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation, No. 06 Civ. 0643 (JSR), currently on appeal to the United States Court of Appeals for the Second Circuit (08-Civ-6167).

1.2   "Class Period" means the period beginning on October 17, 2000 through and including October 17, 2005.

1.3   "Court" means the United States District Court for the Southern District of New York, in which the Action was commenced. The Court subsequently dismissed the Action with prejudice on August 28, 2008. The Action is currently pending in the United States Court of Appeals for the Second Circuit.

1.4    "Defendants" means, collectively, the Settling Defendants and the Non-Settling Defendants.

1.5    "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become final and effective as set forth in Section 7 of this Stipulation.

1.6    "Final Order and Judgment" means the judgment and order of dismissal with prejudice described in Section 4 of this Stipulation to be entered in the Action approving the Settlement and which shall be substantially in the form attached hereto as Exhibit B.

1.7    "Global Settlement" means the Settlement Agreement and General Release, dated as of February 28, 2011, between, among others, Lead Plaintiffs and the Settling Defendants.

1.8    "Lead Plaintiffs" means Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited and Russian Investors Securities Limited.

1.9    "Lead Plaintiffs' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP and Kirby McInerney & Squire, LLP.

1.10   "Non-Settling Defendants" means any Person, other than the Settling Defendants, who: (a) is a named defendant in the Action; and/or (b) was previously a named defendant in the Action but was dismissed for any reason, whether by settlement, judgment or otherwise.

1.11   "Notice" means the Notice of (i) Proposed Settlement of Class Action with the THL Defendants and (ii) Hearing on Proposed Settlement, substantially in the form attached hereto as Exhibit A-1 which shall be sent to Settlement Class Members.

1.12    "Notice Expenses" means all expenses incurred in connection with the preparation, printing and mailing of the Notice, as well as corresponding with Settlement Class Members.

1.13    "Person" means an individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity as well as each of their spouses, heirs, predecessors, successors, representatives or assignees.

1.14    "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class and which shall be substantially in the form attached hereto as Exhibit A.

1.15    "Refco" means Refco, Inc., Refco Group Ltd., LLC, New Refco Group Ltd., LLC, Refco Finance Inc., Refco Finance Holdings LLC, Refco Capital Markets Ltd. ("RCM"), Refco Securities LLC and any and all predecessors and subsidiaries, whether direct or indirect.

1.16    "Refco Chapter 11 Plan" means the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, as confirmed by the United States Bankruptcy Court for the Southern District of New York on December 26, 2006.

1.17    "Refco-THL Estate Action" means the action commenced by the Trustee for the Refco Litigation Trust against the Settling Defendants entitled *Kirschner v. Thomas H. Lee Partners, LP, et al*, No. 07 Civ. 7074 (JSR) (S.D.N.Y.).

1.18  "Refco Litigation Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Litigation Trust Agreement, dated December 26, 2006.

1.19  "Refco Private Actions Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Non-Estate Private Actions Trust Agreement, dated December 26, 2006.

1.20  "Refco-Related Actions" means each and every one of the actions covered by the Court's December 11, 2007 Deposition Protocol Order.

1.21  "Released Claims" means, collectively, all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims.

1.22  "Released Defendant Persons" means each and all of the following:  (a) the Settling Defendants; (b) the Settling Defendants' respective past and/or present affiliates (to the extent not otherwise covered in clause (c)), and subsidiaries (the "Affiliated Releasees"); provided, however, that Affiliated Releasees does not include Refco and/or Refco Group Holdings, Inc. ("RGHI"); (c) the past and/or present employees, officers, general partners, parents and directors of any of the Settling Defendants or any of the Affiliated Releasees (the "Additional Releasees," together with the Settling Defendants and the Affiliated Releasees, the "Releasees"); provided, however, that the past and/or present employees, officers, partners, parents and directors of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; (d) the Releasees' past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal

representatives, estates administrators, predecessors, divisions, successors and assigns (the "Related Releasees"); provided, however, that those of the Related Releasees who are such in their capacity as past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estate administrators, predecessors, divisions, successors and/or assigns of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; and (e) the Settling Defendants' limited partners (including without limitation those who co-invested in Refco alongside the THL Funds in August 2004) and each of their past and/or present employees, officers, partners, directors, managing directors, heirs, executors, trustees, and estates administrators (the "Limited Partner Releasees"); provided, however, that the Limited Partner Releasees are being released solely in their capacity as limited partners of the Settling Defendants and/or as co-investors who invested in Refco alongside the THL Funds in August 2004.

Released Defendant Persons also includes any Person who received any portion of the payments or transfers identified in Counts I, II and/or III of the First Amended Complaint filed in the Refco-THL Estate Action, on or about December 4, 2009, either directly from the transferors identified in the First Amended Complaint or from any of the Settling Defendants (the "Subsequent Transferees"); provided however, that with regard to any of the Subsequent Transferees who are not also Releasees, Related Releasees, or Limited Partner Releasees, the Released Claims are limited to those claims that are derivative of or otherwise arise out of claims or allegations raised or made in the First Amended Complaint.

Notwithstanding this provision or any other provision in this Agreement, "Released

Defendant Persons" does not include any of the existing defendants in the following

actions as of January 14, 2011, all of which the parties acknowledge and agree are listed

on Exhibit C attached hereto (and/or (a) their successors, assigns, transferees, or (b) any

individual or entity, which individual or entity knew or should have known that it would

have been sued in one of the following actions but for a mistake in using the wrong name

to identify such person or entity, and in addition, such person or entity knew of the

existence of the action): (i) *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604

(S.D.N.Y), including but not limited to Ernst & Young U.S. LLP, Tone N. Grant, Robert

C. Trosten, Refco Group Holdings, Inc., Phillip R. Bennett, Santo C. Maggio, Grant

Thornton LLP, Mayer Brown LLP, Mayer Brown International LLP,

PriceWaterhouseCoopers LLP, Credit Suisse Securities (USA) LLC, Banc of America

Securities LLC, Deutsche Bank Securities Inc., Liberty Corner Capital Strategies LLC,

William T. Pigott, Ingram Micro. Inc., CIM Ventures, Inc., Beckenham Trading

Company, Inc. and Andrew Krieger; (ii) *Kirschner v. KPMG LLP.*, 08-Civ. 8784

(S.D.N.Y), including but not limited to KPMG LLP; (iii) *Kirschner v. Bennett et al.*, 07-

Civ. 8165 (S.D.N.Y), including but not limited to Phillip R. Bennett, Santo C. Maggio,

Grant Thornton LLP, Mayer Brown International LLP, and Mayer Brown LLP; (iv)

*Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y), including but not limited to Clarnet

Properties S.A., and W.P.M., S.A.; (v) *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-

03060 (Bankr. S.D.N.Y), including but not limited to Phillip R. Bennett, John Agoglia,

Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust, Edwin L. Cox, Sukhmeet

Dhillon, Trustee(s) of the Dittmer Family Trust, Stephen J. Grady, Tone Grant, Eric

Lipoff, Peter J. McCarthy, Joseph Murphy, Frank Mutterer, William M. Sexton, Santo C.

Maggio, Robert C. Trosten, Memphis Holdings LLC, MLC First Cayman Ltd, Refco

Group Holdings, Inc., Willard Sparks and the MSD Family Trust; (vi) *Kirschner v.*

*Sugrue, et al.*, 07-Civ. 645 (Delaware), including but not limited to Christopher Sugrue;

(vii) *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.),

including but not limited to Tradition Asiel Securities, Inc.; (viii) *Kirschner v. The New*

*York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.), including but

not limited to The New York Times Co. d/b/a NewYorkTimes.com; (ix) *Kirschner v.*

*VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.),

including but not limited to VTB Bank aka Bank for Foreign Trade of Russia; and (x)

*Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.), including but not

limited to Icon Interiors, Inc.  However, this final paragraph (the third paragraph of this

provision) does not apply to the Settling Defendants.

     1.23   "Released Defendants' Claims" means any and all claims, demands,

actions, causes of action, obligations, debts, judgments, interests, complaints, claims,

liabilities, promises, agreements, controversies, suits, rights, damages, costs, losses,

debts, charges, expenses (including attorneys' fees and disbursements of counsel, other

professionals and consultants) and liabilities of any and all kind, nature and description,

whether direct or derivative, whether at law or in equity (upon any legal or equitable

theory, whether contractual, tort-based, common law or statutory, whether arising under

federal, state, common or foreign law, whether based on bad faith, allegedly intentional,

willful, negligent or reckless conduct, whether asserted as claims, cross-claims,

counterclaims, third-party claims or in any other manner in any pleadings or filings in

this Court, in any federal or state court, or in any other court, arbitration proceeding,

administrative agency or other forum in the United States or elsewhere), whether such are

known or Unknown (as that term is employed and defined in Paragraph 8.4 below),

secured or unsecured, contingent or absolute, choate or inchoate, suspected or

unsuspected, ripened or unripened, liquidated or unliquidated, perfected or unperfected,

whether asserted on the Releasing Defendants' behalf or on behalf of another Person,

whether asserted by any or all of the Releasing Defendants, against any or all of the

Released Plaintiff Persons and whether they be directly, indirectly, nominally or

beneficially, possessed or claimed by the Releasing Defendant, that such Person, or any

Person or entity claiming through such Person or by right in respect of such Person, has

ever had since the beginning of time, now has, or that may arise or accrue in the future

and that arise out of or relate to in any way to the institution, prosecution or settlement of

the Action, except for claims relating to the enforcement of the Settlement. Nothing in

this Definition is intended to release any of the claims identified in Paragraph 4.2(c)

below that were or may be asserted by any of the Settling Defendants. Moreover,

nothing in this Definition is intended to modify or limit the releases contained in the

Global Settlement.

      1.24    "Releasing Defendants" means each and all of the following: (a) Thomas

H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee

Equity (Cayman) Fund V, L.P., THLP, Thomas H. Lee Advisors, LLC, THL Managers

V, LLC, THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership,

the 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L.

Jaeckel and Scott A. Schoen; and (b) all of the THL Defendants' present or former

partners, limited partners, officers, directors, employees, agents, affiliates, owners,

predecessors, successors, assigns, heirs, executors, administrators, and trustees and any

other Person who has the right, ability, standing or capacity to assert, prosecute or

maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole

or in part) on those claims, to the extent any such persons and entities described in this

subsection (b) are within the THL Defendants' control.

1.25   "Released Persons" means, collectively, the Released Plaintiff Persons and

the Released Defendant Persons.

1.26   "Released Plaintiff Persons" means, collectively, Lead Plaintiffs, the

Refco Litigation Trust, the Refco Private Actions Trust, the Trustee, members of the

Board of Directors of the Refco Litigation Trust, members of the Board of Directors of

the Refco Private Actions Trust, Refco, together with any of its affiliates, the Refco

Estate, the Refco Plan Administrators, Marc S. Kirschner and Robert Manzo, Lead

Plaintiffs' Counsel, Settlement Class Members, any other counsel any Settlement Class

Member retained or employed in this Action and each of their respective past and/or

present affiliates, subsidiaries, general partners, parents and limited partners, employees,

officers, partners, directors, managing directors, representatives, agents, attorneys,

insurers, reinsurers, principals, members, managers, families, stockholders, heirs,

executors, trustees, personal representatives, estates administrators, predecessors,

divisions, successors and assigns; *provided, however*, that "Released Plaintiff Persons"

does not include Grant Thornton LLP, Refco Group Holdings, Inc., Phillip R. Bennett

individually or in his capacity as owner of Refco Group Holdings, Inc., or the estate of

Phillip R. Bennett.

1.27   "Released Plaintiffs' Claims" means any and all claims, demands, actions,

causes of action, obligations, debts, judgments, interests, complaints, claims, liabilities,

promises, agreements, controversies, suits, rights, damages, costs, losses, debts, charges,

expenses (including attorneys' fees and disbursements of counsel, other professionals and

consultants) and liabilities of any and all kind, nature and description, whether direct or

derivative, whether at law or in equity (upon any legal or equitable theory, whether

contractual, tort-based, common law or statutory, whether arising under federal, state,

common or foreign law, whether based on bad faith, allegedly intentional, willful,

negligent or reckless conduct, whether asserted as claims, cross-claims, counterclaims,

third-party claims or in any other manner in any pleadings or filings in this Court, in any

federal or state court, or in any other court, arbitration proceeding, administrative agency

or other forum in the United States or elsewhere), whether such are known or Unknown

(as that term is employed and defined in Paragraph 8.4 below), secured or unsecured,

contingent or absolute, choate or inchoate, suspected or unsuspected, ripened or

unripened, liquidated or unliquidated, perfected or unperfected, whether asserted on the

Releasing Plaintiffs' own behalf or on behalf of another Person, and whether they be

directly, indirectly, nominally or beneficially, possessed or claimed by the Releasing

Plaintiff, that such Person, or any Person or entity claiming through such Person or by

right in respect of such Person, has ever had since the beginning of time, now has, or that

may arise or accrue in the future against any of the Released Defendant Persons that:  (a)

in any way arise out of, are based upon, relate to or concern the facts, matters,

occurrences, claims made, allegations, representations, omissions, actions (or failure to

act), transactions, agreements, or conduct alleged, complained of, set forth, referred to,

involved in or which could have been raised or made in the Complaint and/or in the

Action; (b) in any way relates to or concerns Refco and/or RGHI, or the conduct of any

of Refco's and/or RGHI's present or former partners, limited partners, officers, directors,

employees, agents, advisors, accountants, auditors, affiliates, representatives,

professionals, owners or attorneys to the extent that such conduct relates in any way to

the conduct complained of or that could have been complained of in the Action that has

occurred prior to the Effective Date; (c) in any way arise out of, are based upon, relate to

or concern the THL Funds' investment in Refco, including, without limitation, the initial

investment in August 2004, the transactions, agreements, matters, due diligence and

events leading thereto and undertaken in connection therewith; (d) in any way arise out

of, are based upon, relate to or concern any and all agreements entered into by and

between any of the Released Defendant Persons and Refco and/or RGHI, including

without limitation, the Management Agreement, entered into August 5, 2004, by and

between New Refco Group Ltd., LLC, Refco Group Ltd., LLC and THL Managers V

LLC; (e) in any way arise out of, are based upon, relate to or concern Refco's August

2005 initial public offering; (f) in any way arise out of, are based upon, relate to or

concern securities deposited or held at RCM and/or Refco Securities, LLC; (g) in any

way arise out of, are based upon, relate to or concern the 9% Senior Subordinated Notes

due 2012, issued by Refco Group Ltd., LLC and Refco Finance Inc. (and guaranteed by

other Refco entities); (h) in any way arise out of, are based upon, relate to or concern the

cases filed by any Refco entity under title 11 of the United States Code on or around

October 17, 2005, and any subsequent proceedings therein, as well as any and all related

cases; (i) in any way arise out of, are based upon, relate to or concern claims under any

US_ACTIVE:\43640456\03\77356.0064                    17

section of title 11 of the United States Code, including but not limited to 11 U.S.C. §§

502(j) and (h), that in any way relates to or concerns Refco and/or RGHI; and/or (j) in

any way arise out of, are based upon, relate to or concern the facts, matters, occurrences,

claims made, allegations, representations, omissions, actions (or failure to act),

transactions, agreements, or conduct alleged, complained of, set forth, referred to,

involved in or which could have been raised or made in *Kirschner v. Grant Thornton*

*LLP, et al.*, 07-Civ. 11604 (S.D.N.Y); *Kirschner v. KPMG LLP.*, 08-Civ. 8784

(S.D.N.Y); *Kirschner v. Bennett et al.*, 07-Civ. 8165 (S.D.N.Y); *Kirschner v. Hackl et al.*,

07-Civ. 09238 (S.D.N.Y); *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr.

S.D.N.Y); *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware); *Kirschner v. Tradition*

*Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.); *Kirschner v. The New York Times*

*Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.); *Kirschner v. VTB Bank*

*aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.); and *Kirschner*

*v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.).

    1.28    "Releasing Plaintiffs" means each and all of the following:  (a) Lead

Plaintiffs, (b) every Settlement Class Member, and (c) all of their present or former

partners, limited partners, officers, directors, employees, agents, affiliates, owners,

predecessors, successors, assigns, heirs, executors, administrators, trustees, and any other

Person who has the right, ability, standing or capacity to assert, prosecute or maintain any

of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on

those claims, to the extent any such persons and entities described in this subsection (c)

are within any of Lead Plaintiffs' or Settlement Class Members' control.

1.29    "Releasing Persons" means, collectively, the Releasing Plaintiffs and the Releasing Defendants.

1.30    "Settlement" means the resolution and settlement of the Action as against the Settling Defendants pursuant to, and in accordance with, the terms and provisions of this Stipulation.

1.31    "Settlement Class" means all securities brokerage customers of RCM who:  (i) at any time from October 17, 2000 to October 17, 2005, placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Action Trust.  Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) officers and directors of Refco and the Defendants; (d) members of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities.

1.32    "Settlement Class Member" means any person or entity that falls within the definition of the Settlement Class as defined above in Paragraph 1.31 and who or which is not excluded therefrom.

1.33    "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class and should be approved as described in Paragraph 3.1 of this Stipulation.

1.34   "Settling Defendants" means Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P. (the "THL Funds"); Thomas H. Lee Partners, L.P. ("THLP"), THL Managers V, LLC, Thomas H. Lee Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee Investors Limited Partnership and The 1997 Thomas H. Lee Nominee Trust and any predecessor or related THL entities named in any prior version of the Complaint, including, without limitation, Thomas H. Lee Equity (Cayman) Fund, THL Refco Acquisition Partners, THL Refco Acquisition Partners II and THL Refco Acquisition Partners III (collectively, with THLP, the "THL Entities"); and Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen (collectively, with the THL Entities and the THL Funds, the "THL Defendants").

1.35   "Settling Defendants' Counsel" means, collectively, the law firms of Weil, Gotshal & Manges LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP.

1.36   "Settling Parties" means, collectively, the Settling Defendants and the Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.37   "Unknown," for the purposes of the releases, is defined herein in Paragraph 8.4 of this Stipulation.

## 2.   **No Further Liability**

2.1   As of the Effective Date, the Settling Defendants shall have no further or other liability or obligation to Lead Plaintiffs, Lead Plaintiffs' Counsel or any Settlement Class Member with respect to the Action, the claims asserted against them therein or the Released Plaintiffs' Claims, except as may be expressly stated in this Stipulation.

3.    **Preliminary Court Approval, Conditional Class Certification And Notice To Class Members**

3.1    As soon as practicable following execution of this Stipulation, Lead Plaintiffs shall apply to the Court for approval of the Preliminary Approval Order (which shall be substantially in the form attached as Exhibit A to this Stipulation), requesting inter alia:  (a) preliminary approval of the Settlement set forth in this Stipulation; (b) approval for the mailing of the Notice that, inter alia, set forth the procedures by which Settlement Class Members may object to the Settlement; (c) setting a date for the Settlement Hearing, to be held after the Notice is mailed, to consider whether to approve the Settlement and whether the Order and Final Judgment (substantially in the form of Exhibit B attached hereto) should be entered, inter alia, dismissing the Action with prejudice as against the Settling Defendants and containing the releases and liability protections set forth herein.  Counsel for the Settling Defendants shall not oppose the application, provided it is otherwise consistent with the terms of this Stipulation, and shall cooperate in good faith with the Lead Plaintiffs in connection therewith.

3.2    If the Preliminary Approval Order is granted by the Court, Lead Plaintiffs' Counsel will cause the Notice to be mailed to those members of the Settlement Class whose addresses may be identified through reasonable effort.

3.3    Solely for purposes of the Settlement and without prejudice to their right to challenge class certification if the Stipulation is terminated, the Effective Date does not occur or the Settlement is not approved by the Court, the Settling Defendants hereby stipulate to:  (a) certification of the Action as a class action, pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure; (b) the appointment of Lead Plaintiffs

as representatives of the Settlement Class; and (c) the appointment of Lead Plaintiffs'

Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

If the Stipulation is terminated, the Settlement is not approved by the Court or the

Effective Date does not occur, the conditional certification of the Action as a class action

shall be vacated and the Action shall proceed as if the Settlement Class had never been

certified.

**4.**     **Terms of the Judgment**

4.1     If the Settlement contemplated by this Stipulation is approved by the

Court, Lead Plaintiffs' Counsel and Settling Defendants' Counsel shall jointly request

that the Court enter the Final Order and Judgment.  The Final Order and Judgment shall

contain, inter alia, the releases described in Section 8 of this Stipulation.

4.2     **Bar Order.**  The Final Order and Judgment shall also contain, inter alia,

provisions that:

(a)     permanently bar, enjoin and restrain any and all Persons from

commencing, prosecuting or asserting against any of the Released Defendant Persons any

claim for contribution or indemnity arising out of the Action (or any other claim where

the injury to the claiming Person is the claiming Person's actual or threatened liability to

the Lead Plaintiffs or any Settlement Class Member arising out of the Action);

(b)     permanently bar, enjoin and restrain the Released Defendant

Persons from commencing, prosecuting or asserting against any and all Persons (other

than a Person whose liability has been extinguished by the Settlement) any claim for

contribution or indemnity arising out of the Action (or any other claim where the injury

to the Released Defendant Person is the Released Defendant Persons' actual or threatened

liability to the Lead Plaintiffs or any Settlement Class Member arising out of the Action);
and

        (c)      provide that nothing in subparagraphs (a) and (b) above, the
Stipulation or the Final Order and Judgment shall limit or bar claims that do not seek
recovery for the Settling Defendant's actual or threatened liability to the Lead Plaintiffs
or any Settlement Class Member in connection with the Action, including but not limited
to, the claims asserted by the THL Funds in the following actions: (i) *Thomas H. Lee*
*Equity Fund V, L.P., et al. v. Philip R. Bennett, et al.*, 05 Civ. 9608 (JSR) (S.D.N.Y) and
(ii) *Thomas H. Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663
(JSR) (S.D.N.Y).

      4.3     **Permanent Injunction:**  The Final Order and Judgment shall also
contain, inter alia, a provision that permanently bars and enjoins:  (a) the Releasing
Plaintiffs from filing, commencing, prosecuting, intervening in, participating in (as class
members or otherwise), or receiving any benefits or other relief from, any other lawsuit,
arbitration or other proceeding or order in any jurisdiction that is based upon, arises out
of or relates to any of the Released Plaintiffs' Claims against the Released Defendant
Persons; and (b) the Released Defendant Persons from filing, commencing, prosecuting,
intervening in, participating in (as class members or otherwise), or receiving any benefits
or other relief from, any other lawsuit, arbitration or other proceeding or order in any
jurisdiction that is based upon, arises out of or relates to the Released Defendants' Claims
against the Released Plaintiff Persons; *provided, however,* that nothing in subparagraphs
(a) and (b) above, the Stipulation or the Final Order and Judgment shall limit or bar
claims that do not seek recovery for the Settling Defendant's actual or threatened liability

to the Lead Plaintiffs or any Settlement Class Member in connection with the Action, including but not limited to, the claims asserted by the THL Funds in the following actions: (i) *Thomas H. Lee Equity Fund V, L.P., et al. v. Philip R. Bennett, et al.*, 05 Civ. 9608 (JSR) (S.D.N.Y) and (ii) *Thomas H. Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663 (JSR) (S.D.N.Y).

4.4     The Final Order and Judgment shall also contain, inter alia, a provision requiring that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against a Non-Settling Defendant or Non-Settling Defendants shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class for common damages.

4.5     The Final Order and Judgment shall also contain, inter alia, a provision as to the Settling Parties' Rule 11 compliance pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(c)(1).  For the purpose of the Court's findings and conclusions with respect thereto, the Settling Parties agree that they (and their counsel) have each complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and/or settlement of the Action and further agree not to assert otherwise in this Action or in any court, forum or proceeding.

**5.      Notice and Binding Effect**

5.1      Lead Plaintiffs' Counsel are responsible for any and all Notice Expenses incurred in connection with disseminating Notice of the Settlement, including, but not limited to, the printing, labeling and mailing of the Notice. The Settling Defendants (and the Released Defendant Persons) shall have no liability, obligation or responsibility of any kind with respect to disseminating Notice of the Settlement, except as set forth herein.

5.2      Settlement Class Members shall be bound by all of the terms of the Settlement and this Stipulation and all determinations, judgments and orders in the Action relating thereto, including the terms of the Final Order and Judgment to be entered in the Action (and the releases provided for therein, whether favorable or unfavorable to the Settlement Class), and will be barred from bringing any action against the Released Defendant Persons concerning the Released Plaintiffs' Claims.

**6.      Attorneys' Fees And Expenses Incurred By Lead Plaintiffs**

6.1      Lead Plaintiffs' Counsel are not asking the Court to award them either attorneys' fees or costs and expenses incurred in connection with the Action and do not intend to do so in the future. Lead Plaintiffs' Counsel and the Trustee have separately reached agreement as to attorneys' fees, costs and expenses.

**7.      The Effective Date**

7.1      The Effective Date of the Settlement shall be one (1) business day following the latest of the following events:

(a)      approval by the Court of the Settlement, following notice to the Settlement Class and a hearing; and

(b)     entry of the Final Order and Judgment substantially in the form attached hereto as Exhibit B (provided it includes the releases set forth in Section 8 herein and a bar order consistent with the PSLRA).

**8.     The Releases**

8.1     The obligations incurred pursuant to this Stipulation are in full and final disposition of the Action with respect to the Settling Defendants and any and all Released Claims of the Releasing Parties against all of the Released Persons.

8.2     As of the Effective Date, each and every one of the Releasing Plaintiffs by operation of the Final Order and Judgment shall:  (a) have and be deemed to have fully, finally and forever released, relinquished and discharged each and every one of the Released Defendant Persons from any and all of the Released Plaintiffs' Claims; (b) have and be deemed to have covenanted not to sue any of the Released Defendant Persons with respect to any and all of the Released Plaintiffs' Claims; and (c) forever be barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as a class member or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.  Nothing in this Stipulation is intended to release any claims asserted by Lead Plaintiffs (or the Settlement Class) against any of the Non-Settling Defendants in the Action.

8.3     As of the Effective Date, each and every one of the Releasing Defendants by operation of the Final Order and Judgment shall:  (a) have and be deemed to have fully, finally and forever released, relinquished and discharged each and every one of the

Released Plaintiff Persons from any and all of the Released Defendants' Claims; (b) have

and be deemed to have covenanted not to sue any of the Released Plaintiff Persons with

respect to any and all of the Released Defendants' Claims; and (c) forever be barred and

enjoined from filing, commencing, prosecuting, intervening in, participating in (as class

member or otherwise), or receiving any benefits or other relief from, any other lawsuit,

arbitration or other proceeding or order in any jurisdiction that is based upon, arises out

of or relates to the Released Defendants' Claims against any of the Released Plaintiff

Persons; *provided, however*, that nothing in subparagraph (c) above, this Stipulation or

the Final Order and Judgment shall limit or bar claims that do not seek recovery for the

Settling Defendant's actual or threatened liability to the Lead Plaintiffs or any Settlement

Class Member in connection with the Action, including but not limited to, the claims

asserted by the THL Funds in the following actions: (i) *Thomas H. Lee Equity Fund V,*

*L.P., et al. v. Philip R. Bennett, et al.*, 05 Civ. 9608 (JSR) (S.D.N.Y) and (ii) *Thomas H.*

*Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663 (JSR) (S.D.N.Y)

      8.4     With respect to the use of the term "Unknown" in connection with the

Released Claims:

          (a)     the Settling Parties and the Releasing Persons specifically

acknowledge that the term "Unknown" in the definition of Released Claims includes

claims that each of the Releasing Persons currently does not know or suspect to exist at

the time he, she or it executes the release, but which, if known by him, her or it, might

affect his, her or its agreement to execute or grant the release or might affect a decision

with respect to the Settlement (including the decision to object or not to object to the

Settlement);

(b)     the Settling Parties and the Releasing Persons expressly acknowledge that they may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that it is nevertheless his, her or its intention to fully, finally and forever settle and release the Released Claims, including those Unknown as that term is employed in this Section, and will be deemed to have done so by operation of the Order and Final Judgment; and

(c)     the Settling Parties and the Releasing Persons expressly acknowledge that the inclusion of "Unknown" claims as defined herein was separately bargained for and was a key element of the Settlement (of which the releases provided herein are a material and essential part) and each expressly waives and relinquishes to the fullest extent permitted by law, and shall be deemed by operation of the Final Order and Judgment to have waived and relinquished, the benefits of: (i) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

8.5     All Settlement Class Members shall be bound by the terms of the releases set forth in this Stipulation.

8.6     Notwithstanding anything to the contrary above, the Released Claims do not include claims to enforce the Final Order and Judgment and the Settlement, and any or all of their terms, including but not limited to the releases provided for in the Final Order and Judgment.

9.     **Termination**

9.1     The Settling Defendants and Lead Plaintiffs (on behalf of themselves and the Settlement Class) shall each have the unilateral right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to counsel for the other Settling Parties within ten (10) business days of any of the following events ("Termination Notice"):

(a)     the Court's declining to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A in any material respect;

(b)     the Court's refusal to approve this Stipulation or the Court's modification of it in any material respect (including, without limitation, by making any modifications or changes to the releases set forth in Section 8 herein or refusing to provide for a bar order consistent with the PSLRA);

(c)     the Court's refusal to enter the Final Order and Judgment substantially in the form attached hereto as Exhibit B or the Court's modification of the Final Order and Judgment in any material respect (including, without limitation, by making any modifications or changes to the releases set forth in Section 8 herein or refusing to provide for a bar order consistent with the PSLRA);

(d)     the date upon which the Final Order and Judgment is modified or reversed in any material respect (including, without limitation, any modifications or

changes to the releases set forth in Section 8 herein or refusing to provide for a bar order

consistent with the PSLRA) by the United States Court of Appeals or the Supreme Court

of the United States; or

        (e)     if the Court enters an Alternative Judgment, and none of the parties

hereto elects to terminate this Settlement, the date upon which such Alternative Judgment

is modified or reversed in any material respect by the United States Court of Appeals or

the Supreme Court of the United States.

      9.2    If the Stipulation is terminated, the Settlement is not approved by the

Court and/or the Effective Date does not occur or the Settlement otherwise fails for any

reason:

        (a)     in the event of the THL Defendants' written notification to Lead

Plaintiffs of their intent to consummate the global settlement pursuant to Paragraph II.V.3

of the Global Settlement, Lead Plaintiffs agree that they will immediately seek judicial

permission to withdraw as class representatives and shall voluntarily dismiss with

prejudice their claims against the THL Defendants in this Action;

        (b)     subject to subsection Section 9.2(a) hereof, the Settlement shall

otherwise be null, void and without prejudice and none of its terms shall have any further

force or effect or be enforceable except as specifically provided herein;

        (c)     the conditional certification of the Action as a class action shall be

null and void and the Settling Defendants shall have the full and complete right and

ability in any future proceedings in this Court to oppose certification of any putative class

and defend the claims asserted in the Complaint on the merits; and

(d)      the fact of and the terms of this Stipulation shall not be admissible in any trial of this Action.

9.3      The provisions of and obligations in Paragraph 9.2 above shall survive and remain in full force and effect and be binding in all respects on the Settling Parties even if the Stipulation is terminated, the Settlement is not approved and/or the Effective Date does not occur.

## 10.   No Admissions

10.1      Whether or not the Settlement is approved by the Court and whether or not the Settlement is consummated, the fact and terms of the Settlement and this Stipulation (including all exhibits hereto), as well as all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Settlement:

(a)      shall not be described as, construed as, interpreted as, or offered or received against any of the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession or admission by any of the Settling Defendants as to:  (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim that has been or could have been asserted in the Action or in any other litigation; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation; and/or (iv) any liability, negligence, fault, or wrongdoing on their part;

(b)      shall not be described as, construed as, interpreted as or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class;

(c)      shall not be described as, construed as, interpreted as, offered or received against any of the Settling Defendants, Lead Plaintiffs and/or any Settlement Class Member as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to said Lead Plaintiffs or Settlement Class Members after trial; and

(d)      shall not be offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, except in connection with any action, litigation or proceeding to enforce the terms of this Stipulation.

10.2     Notwithstanding subparagraph 10.1 above, any of the Released Persons may file, cite and/or refer to the Stipulation, the Notice and Settlement Hearing Order, the Final Order and Judgment and any Alternative Judgment in any other action or proceeding that may be brought against them in any forum in order to effectuate the liability protection granted hereunder or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, any theory of claim preclusion or issue preclusion or any similar defense or counterclaim.

10.3     The provisions of and obligations in Paragraph 10.1 shall survive and remain in full force and effect and be binding in all respects on the Settling Parties even if the Stipulation is terminated, the Settlement is not approved and/or the Effective Date does not occur.

## 11.     **Miscellaneous Provisions**

11.1     The Stipulation shall be binding when signed by all parties hereto but the Settlement shall be effective and final only upon occurrence of the Effective Date.

11.2    The Settling Parties agree that the terms of this Stipulation and the fact

that it has been executed are strictly confidential until this Stipulation has been filed with

the Court, except to the extent required by law or as mutually agreed to by the Settling

Parties hereto in writing.  Lead Plaintiffs and Lead Plaintiffs' Counsel shall not make any

public statements or statements to the media (whether or not for attribution) that

disparage the business, conduct or reputation of any of the Settling Defendants based on

the subject matter of the Securities Action, provided that this sentence does not apply to

statements in any judicial proceeding.  The Settling Defendants and their counsel shall

not make any public statements or statements to the media (whether or not for attribution)

that disparage the business, conduct or reputation of Lead Plaintiffs based on the subject

matter of the Securities Action, provided that this sentence does not apply to statements

in any judicial proceeding.  In all events, Lead Plaintiffs and Settling Defendants and

their respective counsel shall not make any accusations of wrongful or actionable conduct

by the other side concerning the prosecution, defense and resolution of the Action, and

shall not otherwise suggest that the Settlement constitutes an admission as to any claim or

defense alleged.  The obligations in this Paragraph shall survive and remain in full force

and effect and be binding on the Settling Parties even if the Stipulation is terminated, the

Settlement is not approved and/or the Effective Date does not occur.

11.3    Lead Plaintiffs' Counsel and Settling Defendants' Counsel agree to

cooperate fully with each other in seeking Court approval of the Settlement and to agree

promptly upon and execute all additional documentation that may reasonably be required

to obtain Court approval.  Without further order of the Court, the Settling Parties may

agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

11.4    This Stipulation and the exhibits hereto constitute the entire agreement and understanding of the Settling Parties, and supersede any prior agreements or understandings between the parties with respect to the Settlement.  In entering into this Stipulation, none of the Settling Parties is relying on any promise, warranty, inducement or representation other than those set forth in this Stipulation and the Settling Parties disclaim the existence of any such promise, warranty, inducement or representation.

11.5    All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive this Stipulation and the Effective Date pursuant to their terms unless otherwise modified by the Court.

11.6    All of the exhibits attached to this Stipulation are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. This Stipulation, including the exhibits to this Stipulation, may not be amended or modified except in a writing signed by all counsel who have executed this Stipulation. Any condition contained in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or his, her or its counsel.  The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of the breach by any other party or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party.

11.7    The construction, interpretation, operation, effect and validity of this Stipulation (and all documents necessary to effectuate it) shall be governed by and construed according to the internal laws of the State of New York without regard to the

conflict of law rules, except to the extent that federal law requires that federal law governs.

11.8    This Stipulation is the result of arms'-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.  This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that the Stipulation or a particular provision or paragraph of the Stipulation may have been prepared by counsel for a particular party.

11.9    The section headings used throughout this Stipulation (and the exhibits) are for convenience only and shall not affect the interpretation or construction of this Stipulation.  This Stipulation may be executed in one or more counterparts.

11.10   This Stipulation shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Settling Parties.

11.11   The administration and consummation of the Settlement shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation.

11.12   All counsel executing this Stipulation and any related settlement documents warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

Dated:  New York, New York
        February 28, 2011

MILBANK, TWEED, HADLEY          WEIL, GOTSHAL & MANGES LLP
& MCCLOY LLP

By: _____     By: _____
    Scott Edelman                    Greg A. Danilow
    Sander Bak                       Seth Goodchild
1 Chase Manhattan Plaza          767 Fifth Avenue
New York, NY 10005               New York, NY 10153
212-530-5000 (Telephone)         212-310-8000 (Telephone)
212-530-5219 (Fax)               212-310-8007 (Fax)


and                              and

KIRBY MCINERNEY LLP              PAUL, WEISS, RIFKIND, WHARTON &
                                 GARRISON LLP


By: _____     By: _____
    Richard L. Stone                 Richard A. Rosen
    Mark A. Strauss             1285 Avenue of the Americas
830 Third Avenue                 New York, NY 10019
New York, NY 10022               212-373-3000 (Telephone)
212-371-6600                     212-757-3990 (Fax)
212-751-2540
*Attorneys for Lead Plaintiffs Global*   *Attorneys for the Settling Defendants*
*Management Worldwide Limited, Arbat*
*Equity Arbitrage Fund Limited, and*
*Russian Investors Securities Limited*

Dated:  New York, New York
        February 28, 2011

MILBANK, TWEED, HADLEY          WEIL, GOTSHAL & MANGES LLP
& MCCLOY LLP


By: _____      By: _____
    Scott Edelman                   Greg A. Danilow
    Sander Bak                      Seth Goodchild
1 Chase Manhattan Plaza          767 Fifth Avenue
New York, NY 10005               New York, NY  10153
212-530-5000 (Telephone)         212-310-8000 (Telephone)
212-530-5219 (Fax)               212-310-8007 (Fax)


and                              and


KIRBY MCINERNEY LLP              PAUL, WEISS, RIFKIND, WHARTON &
                                 GARRISON LLP


By: _____      By: _____
    Richard L. Stone                Richard A. Rosen
    Mark A. Strauss              1285 Avenue of the Americas
830 Third Avenue                 New York, NY  10019
New York, NY 10022               212-373-3000 (Telephone)
212-371-6600                     212-757-3990 (Fax)
212-751-2540
*Attorneys for Lead Plaintiffs Global*    *Attorneys for the Settling Defendants*
*Management Worldwide Limited, Arbat*
*Equity Arbitrage Fund Limited, and*
*Russian Investors Securities Limited*

Dated:  New York, New York
        February 28, 2011

MILBANK, TWEED, HADLEY              WEIL, GOTSHAL & MANGES LLP
& MCCLOY LLP


By: _____      By: _____
    Scott Edelman                      Greg A. Danilow
    Sander Bak                         Seth Goodchild
1 Chase Manhattan Plaza            767 Fifth Avenue
New York, NY 10005                 New York, NY 10153
212-530-5000 (Telephone)           212-310-8000 (Telephone)
212-530-5219 (Fax)                 212-310-8007 (Fax)


and                                and

KIRBY MCINERNEY LLP                PAUL, WEISS, RIFKIND, WHARTON &
                                   GARRISON LLP

                                   By: _____
By: _____          Richard A. Rosen
    Richard L. Stone               1285 Avenue of the Americas
    Mark A. Strauss                New York, NY 10019
830 Third Avenue                   212-373-3000 (Telephone)
New York, NY 10022                 212-757-3990 (Fax)
212-371-6600
212-751-2540                       *Attorneys for the Settling Defendants*
*Attorneys for Lead Plaintiffs Global*
*Management Worldwide Limited, Arbat*
*Equity Arbitrage Fund Limited, and*
*Russian Investors Securities Limited*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                           :
In re REFCO CAPITAL MARKETS, LTD.          :      06-Civ.-0643 (JSR)
BROKERAGE CUSTOMER SECURITIES              :      08-Civ-6167 (2d Cir.)
LITIGATION                                 :
                                           :
                                           :
------------------------------------------------------------ x

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED PARTIAL SETTLEMENT

WHEREAS, a consolidated class action entitled In re Refco Capital Markets, Ltd.

Brokerage Customer Securities Litigation, No. 06 Civ. 0643 (JSR) (S.D.N.Y.) (the "Action")

was commenced in this Court, subsequently dismissed with prejudice in this Court and is

currently pending in the United States Court of Appeals for the Second Circuit;

WHEREAS, Lead Plaintiffs Global Management Worldwide Limited, Arbat

Equity Arbitrage Fund Limited and Russian Investors Securities Limited ("Lead Plaintiffs"), on

behalf of themselves and the class of persons and entities defined below, and Defendants

Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee

Equity (Cayman) Fund V, L.P., Thomas H. Lee Partners, L.P., THL Equity Advisors V, LLC,

THL Managers V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee Investors Limited

Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott

L. Jaeckel and  Scott A. Schoen (the "Settling Defendants" and, together with the Lead Plaintiffs,

the "Settling Parties"), have determined to settle all claims asserted against the Settling

Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation

and Agreement of Settlement, dated February 28, 2011 (the "Stipulation"), subject to the

approval of this Court (the "Settlement"); and

2

WHEREAS, the Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, preliminarily certifying a Settlement Class for purposes of the Settlement and allowing notice to the Settlement Class Members as more fully described herein; and

WHEREAS, the Court having read and considered: (a) the Second Amended Consolidated Class Action Complaint, filed in this Action on December 21, 2007; (b) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in support thereof; and (c) the Stipulation by and between Lead Plaintiffs and the Settling Defendants and the exhibits attached thereto; and

WHEREAS, the capitalized words and terms shall have the same meaning as they have in the Stipulation (certain of which are repeated herein for ease of reference only);

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   **Preliminary Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the proposed Settlement, a Settlement Class consisting of all securities brokerage customers of Refco Capital Markets Ltd. ("RCM") who:  (i) at any time from October 17, 2000 to October 17, 2005 (the "Class Period'") placed securities with or held securities at RCM and/or Refco Securities, LLC ("RSL"), directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Action Trust.  Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) officers and directors of Refco and the Defendants; (d) members

3

of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a

controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of the

foregoing excluded persons or entities.  If the proposed Settlement is terminated for any reason

or final approval is not granted by the Court, this preliminary certification of the Action as a

class action shall be automatically vacated.

    2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action as

against the Settling Defendants (and without any adjudication on the merits), the Court

preliminarily finds that each element required for certification of the Settlement Class pursuant

to Rule 23 of the Federal Rules of Civil Procedure has been met:  (a) the members of the

Settlement Class are so numerous that their joinder in the Action would be impracticable; (b)

there are questions of law and fact common to the Settlement Class which predominate over any

individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of

the Settlement Class; (d) Lead Plaintiffs and their counsel, Milbank, Tweed, Hadley & McCloy

LLP and Kirby McInerney & Squire, LLP ("Lead Plaintiffs' Counsel") have fairly and

adequately represented and protected the interests of the Settlement Class; and (e) a class action

is superior to other available methods for the fair and efficient adjudication of the Action.

    3.    **Preliminary Approval of Proposed Settlement** – The Court hereby

preliminarily approves the proposed Settlement, as embodied in the Stipulation (including the

releases set forth therein), as being fair, reasonable and adequate and in the best interests of the

Settlement Class, subject to further consideration at a hearing to be conducted as described

below.

    4.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

Hearing") on _____, 2011 at __:__ _.m. in Courtroom 14B of the United States

4

District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether the Settlement Class should be finally certified for purposes of the Settlement; (c) to determine whether a Final Order and Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Settling Defendants; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 6 of this Order.

5.    The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications that the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

6.    **Manner of Notice** – Notice of the Settlement and the Settlement Hearing shall be given by Lead Plaintiffs' Counsel as follows:

(a)    not later than _____, 2011 (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice, substantially in the form attached hereto as Exhibit A-1, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort; and

(b)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Counsel shall serve on counsel for the Settling Defendants and file with the Court proof by affidavit or declaration of such mailing.

5

7.      **Approval of Form and Content of Notice** – The Court: (a) approves, as to the

form and content, the Notice attached hereto as Exhibit A-1; and (b) finds that the mailing and

distribution of the Notice in the manner and form set forth in Paragraph 6 of this Order:  (i) is the

best notice reasonably practicable under the circumstances; (ii) constitutes notice that is

reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the

pendency of the Action, of the effect of the proposed Settlement (including the releases

contained therein) and of their rights to object to the proposed Settlement and appear at the

Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities

entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule

23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due

Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4, *et seq.*)

(the "PSLRA"), and all other applicable law and rules.  The date and time of the Settlement

Hearing shall be included in the Notice before it is mailed.

8.      **Appearance and Objections to the Proposed Settlement** – Any Settlement

Class Member may enter an appearance in the Action, at his, her or its own expense, individually

or through counsel of his, her or its own choice by filing with the Clerk of Court and delivering a

notice of appearance to both Lead Plaintiffs' Counsel and the Settling Defendants' Counsel listed

in the Notice such that it is received no later than twenty (20) calendar days prior to the

Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who

does not enter an appearance will be represented by Lead Plaintiffs' Counsel.  Any member of

the Settlement Class may file a written objection to the proposed Settlement and appear and

show cause, if he, she or it has any cause, why the proposed Settlement should not be approved;

provided, however, that no Settlement Class Member shall be heard or entitled to contest the

approval of the terms and conditions of the proposed Settlement unless that person or entity has

filed written objections with the Court and served copies of such objections in the manner

provided in the Notice such that it is received no later than twenty (20) calendar days prior to the

Settlement Hearing on:

> Greg A. Danilow
> Weil Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY 10153
>
> Richard A. Rosen
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019
>
> Scott Edelman
> Milbank, Tweed, Hadley & McCloy LLP
> One Chase Manhattan Plaza
> New York, NY 10005
>
> Richard L. Stone
> Kirby McInerny LLP
> 830 Third Avenue
> New York, NY 10022

9.      Any objections, filings and other submissions by the objecting Settlement Class

Member must contain a statement of his, her or its objection, as well as the specific reasons, if

any, for each objection, including the legal and evidentiary support the Settlement Class Member

wishes to bring to the Court's attention.

10.     Any member of the Settlement Class who does not make his, her or its objection

in the manner provided herein shall be deemed to have waived his, her or its right to object to the

Settlement and shall forever be barred and foreclosed from objecting to the fairness,

reasonableness or adequacy of the proposed Settlement, or from otherwise being heard

concerning the Settlement in this or any other proceeding.

11.    **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action involving the Settling Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all Settlement Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons.

12.    **Fees and Expenses** – All reasonable costs incurred in identifying and notifying Settlement Class Members shall be paid as set forth in the Stipulation.

13.    **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved or the Effective Date does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the Settlement Class Members and the Settling Defendants, all of whom shall be restored to their respective positions in the Action as of January 13, 2011.

14.    **Use of this Order** –This Order, the proposed Settlement, the Stipulation and any and all of their terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any of the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Lead Plaintiffs or the merits of any of their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead

8

Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class;

15.   **Supporting Papers** – Lead Plaintiffs' Counsel shall file and serve papers in support of the proposed Settlement no later than twenty-one (21) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

16.   The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

SO ORDERED this _____ day of _____, 2011

_____
The Honorable Jed S. Rakoff
United States District Judge

# Exhibit A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                           :

In re REFCO CAPITAL MARKETS, LTD.   :     06 Civ. 0643 (JSR)
BROKERAGE CUSTOMER            :     08 Civ. 6167 (2d Cir.)
SECURITIES LITIGATION           :
                           :

------------------------------------------------------------x

## NOTICE OF (I) PROPOSED SETTLEMENT OF CLASS ACTION WITH THE THL DEFENDANTS, (II) HEARING ON PROPOSED SETTLEMENT

**If you were a securities-brokerage customer of Refco Capital Markets, Ltd. ("RCM") who placed securities with or held securities at RCM or Refco Securities, LLC directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes during the period October 17, 2000 to October 17, 2005; continued to hold positions with RCM on or after October 17, 2005; and elected to contribute the proceeds of your claims in the above-captioned case (the "Action") to the Refco Private Actions Trust established in connection with the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Chapter 11 Plan"), you might be a member of the settlement class in this Action making you eligible for relief in connection with a partial settlement of the Action.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This notice relates to a securities class action brought by RCM customers who claim that the securities they held at RCM were misappropriated as a result of false statements, non-disclosures and fraudulent conduct in violation of the federal securities laws. The Action was dismissed with prejudice by the Court on August 28, 2008. Lead Plaintiffs appealed the Court's dismissal of the Action to the United States Court of Appeals for the Second Circuit. No decision has yet been rendered on the appeal.

- On _____, 2011, the Court preliminarily approved a partial settlement of this Action (the "Settlement") between the Court-appointed Lead Plaintiffs Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited and Russian Investors Securities Limited ("Lead Plaintiffs") and Defendants Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P. (the "THL Funds"); Thomas H. Lee Partners, L.P. ("THLP"), THL Managers V, LLC, Thomas H. Lee Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee Investors Limited Partnership and The 1997 Thomas H. Lee Nominee Trust (collectively, the "THL Entities"); and Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen (collectively, the "Individual THL Defendants" and together with the THL Entities

2

and the THL Funds, the "THL Defendants"). The THL Defendants are referred to herein as the "Settling Defendants" and, together with Lead Plaintiffs, the "Settling Parties."

- The Refco Chapter 11 Plan established two litigation trusts (the "Trusts") to pursue potential claims against third parties. The first trust, the Refco Litigation Trust, was established to pursue claims belonging to Refco or its affiliates. The Refco Litigation Trust commenced an action against the Settling Defendants entitled *Kirschner v. Thomas H. Lee Partners, LP, et al*, No. 07 Civ. 7074 (JSR) (S.D.N.Y.) (the "Refco-THL Estate Litigation"). The beneficiaries of the Refco Litigation Trust include each Settlement Class Member, as customers and creditors of Refco, as well as other general unsecured creditors of Refco entities.

- The second trust, the Refco Private Actions Trust, was established so that creditors and customers of Refco and its affiliates could contribute any claims they may have individually against third parties (or recoveries under such claims) to a single entity to pursue. All the Settlement Class Members, as well as the vast majority of the other beneficiaries of the Refco Litigation Trust, have contributed their individual claims to the Refco Private Actions Trust (except that with respect to securities fraud claims asserted in the Action, among others, only the rights to proceeds of such claims were contributed) and are, therefore, beneficiaries of the Refco Private Actions Trust. Recoveries in the Action are among the proceeds contributed to the Refco Private Actions Trust. Marc S. Kirschner serves as Trustee (the "Trustee") for both the Refco Litigation Trust and the Refco Private Actions Trust.

- Following arms'-length negotiations -- including two mediation sessions and extensive discussions between counsel for the Settling Parties -- Lead Plaintiffs and the Settling Defendants entered into a Settlement Agreement and General Release, dated as of February 28, 2011 (the "Global Settlement"), providing for a global settlement of the Refco-THL Estate Action under which the Settling Defendants will make a payment of $145 million to the Refco Litigation Trust to settle the statutory avoidance claims specified in Counts I, II and III of the First Amended Complaint, filed on or about December 4, 2009, in the Refco-THL Estate Action (the "First Amended Complaint").

- The Global Settlement provides for dismissal with prejudice of all claims in the Refco-THL Estate Action, as well as all claims against the Settling Defendants in this Action and the following Refco-Related Actions: (i) *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, No. 08 Civ. 6166 (2d Cir.); (ii) *VR Global Partners LP, et al. v. Bennett, et al.*, No. 08 Civ. 6230 (2d Cir.); and (iii) *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, No. 08 Civ. 09810 (JSR) (S.D.N.Y.).

- As a result of the Global Settlement, the Trustee will receive gross settlement proceeds of $145 million which he shall distribute. Pursuant to the Refco Private

3

Actions Trust Agreement, proceeds from the Global Settlement are to be shared equally between the Trusts. This has been the practice with prior distributions.

- The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement entered into by Lead Plaintiffs and the Settling Defendants, dated February 28, 2011 (the "Stipulation").[1]

- The Settlement, if approved, will resolve all claims between the members of the proposed Settlement Class and the Settling Defendants, but it is only a partial settlement of this Action; it does not resolve the claims against other defendants against whom the Action remains pending (the "Remaining Defendants"). The Remaining Defendants are Phillip Bennett, Santo Maggio, Tone Grant, Robert Trosten and Richard Outridge.

- If the Settlement is approved, the amount to be distributed to the Settlement Class, in the aggregate, will be approximately $40 million. Each Settlement Class Member, as a beneficiary of both the Refco Litigation Trust and the Refco Private Actions Trust, will be entitled to receive its pro-rata share of the distribution in accordance with its interests in the Trusts. If you have any questions regarding your interests in the Trusts, please contact the Refco Estate at (201) 587-7195 or e-mail your questions to refcoinc@capstoneag.com.

- As part of the Global Settlement, the Settling Defendants ascribe no monetary value to this Action. Although Lead Plaintiffs' Counsel do not agree with the Settling Defendants' position, they have concluded that it is not necessary to reach a conclusion about the value of the Action because, pursuant to the Refco Private Actions Trust Agreement and the Trusts' practice with prior distributions, proceeds from any settlement of claims involving both the Refco Litigation Trust and the Refco Private Actions Trust are to be shared equally between the Trusts.

- **Whether or not any amount of the Global Settlement is being paid in connection with this Action is irrelevant to the determination of the amount to be received by each Settlement Class Member.**

- If the Settlement is not approved, the Settling Defendants have the right to terminate the Global Settlement. If the Global Settlement is terminated, the Settling Defendants will not be obligated to make the $145 million payment and members of the Settlement Class will not receive the distribution of approximately $40 million described above. If the Settlement is not approved but the Settling Defendants do not terminate the Global Settlement, the Settlement Class will receive the distribution

---

[1] All capitalized words or terms, not otherwise defined herein, shall have the meaning as set forth in the Stipulation.

4

described above. However, any amounts subsequently recovered against the Settling Defendants in the Action will not be distributed to the members of the class. Instead, those amounts will be returned to the Settling Defendants.

- Lead Plaintiffs' Counsel has concluded that the terms and conditions of the Settlement provided for in this Stipulation are fair, reasonable, adequate and in the best interests of the Settlement Class. Lead Plaintiffs' Counsel accordingly has recommended the Settlement to Lead Plaintiffs and the Settlement Class Members.

- Lead Plaintiffs' Counsel are not asking the Court to award them either attorneys' fees or costs and expenses incurred in connection with the Action and do not intend to make such a request in the future. Lead Plaintiffs' Counsel and the Trustee have separately reached agreement as to attorneys' fees, costs and expenses.

- Lead Plaintiffs and the Settlement Class are being represented by Scott A. Edelman, Esq. and Sander Bak, Esq, of Milbank, Tweed, Hadley & McCloy LLP, and Richard Stone, Esq. and Mark A. Strauss, Esq., of Kirby McInerney & Squire, LLP, the Court-appointed Lead Counsel ("Lead Plaintiffs' Counsel"). Any questions regarding the Settlement should be directed to Mr. Bak at Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, 212-530-5125, or by email to sbak@milbank.com.

- **If you are a member of the Settlement Class and the Settlement is approved, your legal rights will be affected whether you act or not. Read this notice carefully and in its entirety to see what your options are in connection with the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **Object to the Settlement by submitting a written objection so that it is *received* no later than _____, 2011.** | If you wish to object to any part of the Settlement, you may write to the Court about your objections. |
| **Attend the Hearing on _____, 2011 and file a Notice of Intention to Appear so that it is *received* no later than _____, 2011.** | Filing a written objection and notice of intention to appear by _____, allows you to speak in Court about the fairness of the proposed Settlement. If you have submitted a written objection to the Settlement to the Court, you may (but do not have to) attend the hearing and speak to the Court about your objections. |

5

- These rights and options -- **and the deadlines to exercise them** -- are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. As noted above, this is only a partial settlement of the Action.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................ 7

    1.    Why did I get this Notice? ................................................................ 7

    2.    What is a class action? ..................................................................... 8

    3.    What is this lawsuit about? ............................................................... 8

    4.    What should I do if my address changes, or if this notice was sent to the wrong address? ...................................................................... 9

**WHO IS IN THE SETTLEMENT CLASS** .................................................... 9

    5.    How do I know whether I am part of the Settlement? ..................... 9

    6.    Are there exceptions to being included? ......................................... 9

    7.    I am still not sure whether I am included. ..................................... 10

**SUMMARY OF SETTLEMENT** .................................................................. 10

    8.    How and when was the Settlement reached? ................................. 10

    9.    What does the Settlement provide? ................................................ 10

    10.    What are the reasons for the Settlement? ...................................... 11

    11.    What is the potential outcome of the lawsuit absent the Settlement? ...... 11

**THE SETTLEMENT BENEFITS – WHAT YOU GET** .............................. 12

    12.    How much will be distributed to Settlement Class Members? ................ 12

    13.    How much will my payment be? .................................................... 12

    14.    What do I have to do to receive a share of the Settlement? .................... 12

    15.    When will I receive my payment? .................................................. 12

    16.    What is the effect of being a member of the Settlement Class? ............. 13

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................... 17

    17.    Do I have the right to exclude myself from the Settlement Class? .......... 17

**THE LAWYERS REPRESENTING YOU** .................................................. 17

    18.    Do I have a lawyer in this case? ..................................................... 17

19.   How will the lawyers be paid?............................................................... 18

**OBJECTING TO THE SETTLEMENT OR THE EXPENSE
APPLICATION.................................................................................. 18**

20.   How do I tell the Court that I don't like the Settlement?......................... 18

21.   When and where will the Court decide whether to approve the
Settlement?.................................................................................... 19

22.   Do I have to come to the hearing? ......................................................... 19

23.   May I speak at the hearing? ................................................................... 20

**IF YOU DO NOTHING ...................................................................... 20**

24.   What happens if I do nothing at all?....................................................... 20

**GETTING MORE INFORMATION.................................................... 20**

25.   Are there more details about the Settlement? ......................................... 20

26.   How do I get more information?............................................................. 21

27.   What happens if the Settlement is not approved?....................................21

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER
NOMINEES......................................................................................... 21**

## BASIC INFORMATION

**1.  Why did I get this Notice?**

You may have been a securities-brokerage customer of RCM who held securities at RCM or Refco Securities, LLC during the period October 17, 2000 to October 17, 2005; continued to hold positions with RCM on or after October 17, 2005; and elected to contribute the proceeds of your claims in the Action to the Refco Private Actions Trust. The Court caused this Notice to be sent to you because, if you were, you have a right to know about the proposed Settlement and about all of your options before the Court decides whether to approve the Settlement.

This Notice describes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Southern District of New York. The case is known as *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, Case Number 06 Civ. 0643 (JSR).

## 2. What is a class action?

In a class action, one or more plaintiffs, called "lead plaintiffs" or "class representatives" sue on behalf of people who have similar claims. All of the individuals and entities on whose behalf the class representatives are suing are known as class members. One court resolves the issues in the case for all class members.

## 3. What is this lawsuit about?

This lawsuit, referred to in the documents as "the Action," is a class action alleging violations of the federal securities laws by various persons. The Court has appointed Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited, and Russian Investors Securities Limited to serve as Lead Plaintiffs in the Action, and has appointed the law firms of Milbank, Tweed, Hadley & McCloy LLP and Kirby McInerney & Squire, LLP to serve as Lead Plaintiffs' Counsel on behalf of the class. The Action was brought against numerous individuals and entities, including certain current and former executive officers of Refco (including Phillip Bennett and Santo Maggio), and the THL Defendants (collectively, the "Defendants"). Lead Plaintiffs allege that Defendants are liable for violations of the federal securities laws because they participated in RCM's alleged fraudulent misuse of customer securities during the Class Period, or are otherwise responsible for that alleged fraudulent conduct.

As alleged in the Second Amended Consolidated Class Action Complaint (the "Complaint"), which was filed in the Action on December 21, 2007, RCM engaged in a fraudulent scheme involving the sale and other use of customer securities held at RCM and the misappropriation of the proceeds from those sales for the purposes of covering up fraudulently undisclosed losses at Refco and funding Refco's operations. The plaintiffs allege that, as a result, in excess of $2 billion in RCM customer assets were missing when Refco filed for bankruptcy protection on October 17, 2005. The Complaint further alleges that the THL Defendants, who invested in Refco in August 2004 in a leveraged buyout (the "LBO"), must have known about, or were at least reckless in not uncovering, the fraudulent scheme at RCM.

The Complaint alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as SEC Rule 10b-5, against the THL Defendants. The THL Defendants moved to dismiss all the claims asserted against them.

On August 28, 2008, the Court granted the THL Defendants' motion and dismissed with prejudice all the claims against the THL Defendants. On December 19, 2008, plaintiffs appealed the dismissal of their claims to the United States Court of Appeals for the Second Circuit. The appeal to the Second Circuit is fully briefed and oral argument was heard on October 19, 2009. The Second Circuit has not yet issued a decision on the appeal.

8

**4. What should I do if my address changes, or if this notice was sent to the wrong address?**

If this Notice was sent to you at the wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Sander Bak, Esq., at the following address:

> Milbank, Tweed, Hadley & McCloy LLP
> 1 Chase Manhattan Plaza
> New York, NY 10005
>
> (212) 530-5125
> sbak@milbank.com

### WHO IS IN THE SETTLEMENT CLASS

**5. How do I know whether I am part of the Settlement?**

The Court has preliminarily certified for purposes of the Settlement a Settlement Class that consists of, subject to certain exceptions identified below, the following individuals and entities:

> *Securities brokerage customers of RCM who: (i) at any time from October 17, 2000 to October 17, 2005 (the "Class Period"), placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Actions Trust.*

**6. Are there exceptions to being included?**

Even if you fall within the Settlement Class definition, you are not a member of the Settlement Class if you are a Defendant in the action; if you were an officer or director of Refco or any Defendant during the Class Period; if you are an immediate family member of any of the individual Defendants; if you are an entity in which Refco or any Defendant has a controlling interest; or if you are a legal representative, heir, successor or assign of any of the foregoing excluded persons or entities.

9

## 7. I am still not sure whether I am included.

If you are still not sure whether you are included, you can contact Sander Bak, Esq. at the address listed in the response to question #4, above, or by phone at 212-530-5125, or by email to sbak@milbank.com.

## SUMMARY OF SETTLEMENT

## 8. How and when was the Settlement reached?

Lead Plaintiffs reached an agreement-in-principle with the Settling Defendants regarding the Settlement on January 14, 2011. Thereafter, Lead Plaintiffs and the Settling Defendants executed the Stipulation to formalize their agreement.

The Settlement was reached after arms'-length negotiation between Lead Plaintiffs' Counsel and the Settling Defendants' Counsel, and only after Lead Plaintiffs' Counsel had: (i) participated in an extensive discovery process which included the production of millions of pages of emails, memoranda and other documents by parties and non-parties as well as approximately 100 depositions; (ii) investigated and analyzed all available evidence; (iii) researched the applicable law with respect to the claims against the Settling Defendants and the potential defenses thereto; (iv) conducted a mediation session with the Settling Defendants before Eric Green, Esq.; and (v) engaged in extensive discussion with the Settling Defendants' Counsel.

## 9. What does the Settlement provide?

As part of the Global Settlement, the Settling Defendants made clear that they ascribe no monetary value to this Action given that: (i) this Court has twice dismissed Lead Plaintiffs' claims against the Settling Defendants (the second dismissal being "with prejudice"); and (ii) the Settling Defendants' believe that they have available defenses that are fatal, as a matter of law, to Lead Plaintiffs' claims. Although Lead Plaintiffs' Counsel do not agree with the Settling Defendants' position, they do agree, having undertaken an extensive factual investigation and legal analysis as to the claims against the Settling Defendants in the Action and the Settling Defendants' defenses to those claims, that it is extremely difficult to arrive at a predicted monetary value of the Action. However, Lead Plaintiffs' Counsel believe that the overall global settlement of claims against the Settling Defendants is fair and reasonable.

Based on the formulas for allocating distributions between Settlement Class Members and the other beneficiaries of the Refco Litigation Trust and the Refco Private Actions Trust (i.e., certain other unsecured creditors of Refco), the amount to be distributed to the Settlement Class, in the aggregate, will be approximately $40 million. Each Settlement Class Member, as a beneficiary of both the Refco Litigation Trust and the Refco Private Actions Trust, will be entitled to receive its pro-rata share of the

10

distribution in accordance with its interests in the Trusts. If you have any questions regarding your interests in the Trusts, please contact the Refco Estate at (201) 587-7195 or e-mail your questions to refcoinc@capstoneag.com.

If the Settlement is approved by the Court, then as of the Effective Date, all members of the Settlement Class will be deemed to have released all claims against Settling Defendants and the Released Defendant Persons that arise out of or relate to, among other things, the allegations in the Complaint and/or the use of RCM customer securities during the Class Period, as further described in Question 16 below. This means, among other things, that, upon the Effective Date, all Settlement Class Members will be permanently barred from asserting any of the claims described in the Stipulation against the Settling Defendants and other released persons. In addition, upon the Effective Date, the Settling Defendants will be precluded from suing the Lead Plaintiffs, members of the Settlement Class, or Lead Plaintiffs' Counsel in connection with the Action.

## 10.   What are the reasons for the Settlement?

Lead Plaintiffs' Counsel has concluded that the terms and conditions of the Settlement provided for in this Stipulation are fair, reasonable, adequate and in the best interests of the Settlement Class. Lead Plaintiffs' Counsel accordingly has recommended the Settlement to Lead Plaintiffs and the Settlement Class Members.

Each and all of the Settling Defendants continue to deny any and all allegations of wrongdoing, fault, liability or damages to Lead Plaintiffs and/or the Settlement Class and believe that they acted at all times properly, in good faith and in a manner consistent with their legal duties and obligations and deny any wrongdoing, fault, liability or damages to Lead Plaintiffs and/or the Settlement Class.

## 11.   What is the potential outcome of the lawsuit absent the Settlement?

If there were no Settlement and Lead Plaintiffs failed to prevail on the appeal currently pending in the United States Court of Appeals for the Second Circuit, and were unable to have the ruling overturned by a rehearing or through an appeal to the United States Supreme Court, the Action would remain dismissed with prejudice and neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from the Settling Defendants in connection with the Action. If Lead Plaintiffs were to prevail on appeal and some or all of Lead Plaintiffs' claims in the Action were reinstated, litigation would continue. If Lead Plaintiffs then failed to establish any essential legal or factual element of their claims and/or the Settling Defendants were successful in proving any of their available defenses, the members of the Settlement Class would likely recover nothing at all in connection with the Action. If Lead Plaintiffs were successful, any settlement proceeds would be payable to the Private Action Trust. Under no

11

circumstances would any class member receive any recovery other than as a beneficiary of the Private Action Trust.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 12. How much will be distributed to Settlement Class Members?

Based on the formulas for allocating distributions between Settlement Class Members and the other beneficiaries of the Refco Litigation Trust and the Refco Private Actions Trust (*i.e.*, certain other unsecured creditors of Refco), the amount to be distributed to the Settlement Class, in the aggregate, will be approximately $40 million.

### 13. How much will my payment be?

Each Settlement Class Member, as a beneficiary of both the Refco Litigation Trust and the Refco Private Actions Trust will receive its pro-rata share of the approximately $40 million distribution in accordance with its interests in the Trusts. If you have any questions regarding your interests in the Trusts, please contact the Refco Estate at (201) 587-7195 or e-mail your questions to refcoinc@capstoneag.com.

### 14. What do I have to do to receive a share of the Settlement?

Under the Plan, by virtue of (a) holding an Allowed Class 4 RCM Securities Customer Claim, (b) making an election to assign your claim into the Refco Private Actions Trust, and (c) completing an assignment and acknowledgement form, you have a Tranche A Private Actions Trust Interest in the Refco Private Actions Trust. Interests in the Refco Private Action Trust were distributed on August 24, 2007 to holders of Allowed Claims based on the holders of record at that time. These interests are evidenced by a register maintained by Wells Fargo, the Administrative Agent, for the Refco Private Actions Trust (Refco PAT Registry").

To receive a distribution of proceeds from this settlement from the Refco Private Actions Trust, you are not required to do anything at this time.

### 15. When will I receive my payment?

Wells Fargo will effectuate the distribution upon the occurrence of the latter of (i) the Court's dismissal of the RCM Class Action as to the THL Defendants, and (ii) the filing of the Dismissal Orders.

## 16. What is the effect of being a member of the Settlement Class?

You will be bound by the orders and judgment entered by the Court regarding the Settlement. If the Settlement is approved, you will not be able to sue, continue to sue, or be part of any other lawsuit involving any claims released in the Settlement.

The Judgment will dismiss with prejudice the claims against the Settling Defendants and will provide that Lead Plaintiffs, all other Settlement Class Members and the other Releasing Plaintiffs (as defined below) shall by operation of the Judgment fully, finally and forever release, relinquish and discharge each and every one of the Released Defendant Persons (as defined below) from any and all of the Released Plaintiffs' Claims (as defined below).

"Released Defendant Persons" means each and all of the following: (a) the Settling Defendants; (b) the Settling Defendants' respective past and/or present affiliates (to the extent not otherwise covered in clause (c)), and subsidiaries (the "Affiliated Releasees"); provided, however, that Affiliated Releasees does not include Refco, Inc., Refco Group Ltd., LLC, New Refco Group Ltd., LLC, Refco Finance Inc., Refco Finance Holdings LLC, Refco Capital Markets Ltd. ("RCM"), Refco Securities LLC and any and all predecessors and subsidiaries, whether direct or indirect (collectively, "Refco") and/or Refco Group Holdings, Inc. ("RGHI"); (c) the past and/or present employees, officers, general partners, parents and directors of any of the Settling Defendants or any of the Affiliated Releasees (the "Additional Releasees," together with the Settling Defendants and the Affiliated Releasees, the "Releasees"); provided, however, that the past and/or present employees, officers, partners, parents and directors of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; (d) the Releasees' past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estates administrators, predecessors, divisions, successors and assigns (the "Related Releasees"); provided, however, that those of the Related Releasees who are such in their capacity as past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers, principals, members, managers, families, stockholders, heirs, executors, trustees, personal representatives, estate administrators, predecessors, divisions, successors and/or assigns of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; and (e) the Settling Defendants' limited partners (including without limitation those who co-invested in Refco alongside the THL Funds in August 2004) and each of their past and/or present employees, officers, partners, directors, managing directors, heirs, executors, trustees, and estates administrators (the "Limited Partner Releasees"); provided, however, that the Limited Partner Releasees are being released solely in their capacity as limited partners of the Settling Defendants and/or as co-investors who invested in Refco alongside the THL Funds in August 2004.

13

"Released Defendant Persons" also includes any Person who received any portion of the payments or transfers identified in Counts I, II and/or III of the First Amended Complaint filed in the Refco-THL Estate Action, on or about December 4, 2009, either directly from the transferors identified in the First Amended Complaint or from any of the Settling Defendants (the "Subsequent Transferees"); provided however, that with regard to any of the Subsequent Transferees who are not also Releasees, Related Releasees, or Limited Partner Releasees, the Released Claims are limited to those claims that are derivative of or otherwise arise out of claims or allegations raised or made in the First Amended Complaint.

Notwithstanding this provision or any other provision in the Agreement, "Released Defendant Persons" does not include any of the existing defendants in the following actions as of January 14, 2011, all of which the parties acknowledge and agree are listed on Annex A attached hereto (and/or (a) their successors, assigns, transferees, or (b) any individual or entity, which individual or entity knew or should have known that it would have been sued in one of the following actions but for a mistake in using the wrong name to identify such person or entity, and in addition, such person or entity knew of the existence of the action): (i) *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y), including but not limited to Ernst & Young U.S. LLP, Tone N. Grant, Robert C. Trosten, Refco Group Holdings, Inc., Phillip R. Bennett, Santo C. Maggio, Grant Thornton LLP, Mayer Brown LLP, Mayer Brown International LLP, PriceWaterhouseCoopers LLP, Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Liberty Corner Capital Strategies LLC, William T. Pigott, Ingram Micro. Inc., CIM Ventures, Inc., Beckenham Trading Company, Inc. and Andrew Krieger; (ii) *Kirschner v. KPMG LLP.*, 08-Civ. 8784 (S.D.N.Y), including but not limited to KPMG LLP; (iii) *Kirschner v. Bennett et al.*, 07-Civ. 8165 (S.D.N.Y), including but not limited to Phillip R. Bennett, Santo C. Maggio, Grant Thornton LLP, Mayer Brown International LLP, and Mayer Brown LLP; (iv) *Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y), including but not limited to Clarnet Properties S.A., and W.P.M., S.A.; (v) *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y), including but not limited to Phillip R. Bennett, John Agoglia, Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust, Edwin L. Cox, Sukhmeet Dhillon, Trustee(s) of the Dittmer Family Trust, Stephen J. Grady, Tone Grant, Eric Lipoff, Peter J. McCarthy, Joseph Murphy, Frank Mutterer, William M. Sexton, Santo C. Maggio, Robert C. Trosten, Memphis Holdings LLC, MLC First Cayman Ltd, Refco Group Holdings, Inc., Willard Sparks and the MSD Family Trust; (vi) *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware), including but not limited to Christopher Sugrue; (vii) *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.), including but not limited to Tradition Asiel Securities, Inc.; (viii) *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.), including but not limited to The New York Times Co. d/b/a NewYorkTimes.com; (ix) *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.), including but not limited to VTB Bank aka Bank for Foreign Trade of Russia; and (x) *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.), including but not

14

limited to Icon Interiors, Inc.  However, this final paragraph (the third paragraph of this definition) does not apply to the Settling Defendants.

"Released Plaintiffs' Claims" means any and all claims, demands, actions, causes of action, obligations, debts, judgments, interests, complaints, claims, liabilities, promises, agreements, controversies, suits, rights, damages, costs, losses, debts, charges, expenses (including attorneys' fees and disbursements of counsel, other professionals and consultants) and liabilities of any and all kind, nature and description, whether direct or derivative, whether at law or in equity (upon any legal or equitable theory, whether contractual, tort-based, common law or statutory, whether arising under federal, state, common or foreign law, whether based on bad faith, allegedly intentional, willful, negligent or reckless conduct, whether asserted as claims, cross-claims, counterclaims, third-party claims or in any other manner in any pleadings or filings in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere), whether such are known or Unknown (as that term is defined below), secured or unsecured, contingent or absolute, choate or inchoate, suspected or unsuspected, ripened or unripened, liquidated or unliquidated, perfected or unperfected, whether asserted on the Releasing Plaintiffs' own behalf or on behalf of another Person, and whether they be directly, indirectly, nominally or beneficially, possessed or claimed by the Releasing Plaintiff, that such Person, or any Person or entity claiming through such Person or by right in respect of such Person, has ever had since the beginning of time, now has, or that may arise or accrue in the future against any of the Released Defendant Persons that:  (a) in any way arise out of, are based upon, relate to or concern the facts, matters, occurrences, claims made, allegations, representations, omissions, actions (or failure to act), transactions, agreements, or conduct alleged, complained of, set forth, referred to, involved in or which could have been raised or made in the Complaint and/or in the Action; (b) in any way relates to or concerns Refco and/or RGHI, or the conduct of any of Refco's and/or RGHI's present or former partners, limited partners, officers, directors, employees, agents, accountants, auditors, affiliates, advisors, representatives, professionals, owners or attorneys to the extent that such conduct relates in any way to the conduct complained of or that could have been complained of in the Action that has occurred prior to the Effective Date; (c) in any way arise out of, are based upon, relate to or concern the THL Funds' investment in Refco, including, without limitation, the initial investment in August 2004, the transactions, agreements, matters, due diligence and events leading thereto and undertaken in connection therewith; (d) in any way arise out of, are based upon, relate to or concern any and all agreements entered into by and between any of the Released Defendant Persons and Refco and/or RGHI, including without limitation, the Management Agreement, entered into August 5, 2004, by and between New Refco Group Ltd., LLC, Refco Group Ltd., LLC and THL Managers V LLC; (e) in any way arise out of, are based upon, relate to or concern Refco's August 2005 initial public offering; (f) in any way arise out of, are based upon, relate to or concern securities deposited or held at RCM and/or Refco Securities, LLC; (g) in any way arise out of, are based upon, relate to or concern the 9% Senior Subordinated Notes due 2012, issued by Refco Group Ltd., LLC and Refco Finance Inc. (and guaranteed by other Refco entities); (h) in any way

15

arise out of, are based upon, relate to or concern the cases filed by any Refco entity under title 11 of the United States Code on or around October 17, 2005, and any subsequent proceedings therein, as well as any and all related cases; (i) in any way arise out of, are based upon, relate to or concern claims under any section of title 11 of the United States Code, including but not limited to 11 U.S.C. §§ 502(j) and (h), that in any way relates to or concerns Refco and/or RGHI; and/or (j) in any way arise out of, are based upon, relate to or concern the facts, matters, occurrences, claims made, allegations, representations, omissions, actions (or failure to act), transactions, agreements, or conduct alleged, complained of, set forth, referred to, involved in or which could have been raised or made in *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y); *Kirschner v. KPMG LLP.*, 08-Civ. 8784 (S.D.N.Y); *Kirschner v. Bennett et al.*, 07-Civ. 8165 (S.D.N.Y); *Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y); *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y); *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware); *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.); *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.); *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.); and *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.).

"Releasing Plaintiffs" means each and all of the following: (a) Lead Plaintiffs, (b) every Settlement Class Member, and (c) all of their present or former partners, limited partners, officers, directors, employees, agents, affiliates, owners, predecessors, successors, assigns, heirs, executors, administrators, trustees, and any other Person who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on those claims, to the extent any such persons and entities described in this subsection (c) are within any of Lead Plaintiffs' or Settlement Class Members' control.

"Unknown" in the definition of Released Plaintiffs' Claims includes claims that each of the Releasing Persons currently does not know or suspect to exist at the time he, she or it executes the release, but which, if known by him, her or it, might affect his, her or its agreement to execute or grant the release or might affect a decision with respect to the Settlement (including the decision to object or not to object to the Settlement). The Settling Parties and the Releasing Persons expressly acknowledge that they may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that it is nevertheless his, her or its intention to fully, finally and forever settle and release the Released Claims, including those Unknown as that term is employed in this definition, and will be deemed to have done so by operation of the Order and Final Judgment. The Settling Parties and the Releasing Persons expressly acknowledge that the inclusion of "Unknown" claims as defined herein was separately bargained for and was a key element of the Settlement (of which the releases provided herein are a material and essential part) and each expressly waives and relinquishes to the fullest extent permitted by law, and shall be deemed by operation of the Final Order and Judgment to have waived and

16

relinquished, the benefits of: (i) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

Notwithstanding anything to the contrary above, the Released Claims do not include claims to enforce the Judgment and the Settlement, and any or all of their terms, including but not limited to the releases provided for in the Judgment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

### 17. Do I have the right to exclude myself from the Settlement Class?

No, for two reasons.

1.      Under the terms of the Refco Private Actions Trust, as set forth in detail in the Refco Private Actions Trust Agreement, dated December 26, 2006 and approved by the Bankruptcy Court on the same date, the Trustee has the power and authority to settle all causes of action in favor of or against the Refco Private Actions Trust, including the right to remain in the Action for purposes or settlement or opt out of any settlement of the securities fraud claims asserted in the Action, the proceeds of which have been assigned to the Trustee.

2.      On _____, 2011 the Court preliminarily certified the Settlement Class as a non-opt out class.  This means that the Court has ordered that the Settlement Class is mandatory and you have no right to opt out.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Court has appointed Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited, and Russian Investors Securities Limited to serve as Lead Plaintiffs in the Action, and has appointed the law firms of Milbank, Tweed, Hadley & McCloy LLP and Kirby McInerney & Squire, LLP to serve as Lead Plaintiffs' Counsel on behalf of the class.  If you have any questions about the proposed Settlement, you may contact Lead Plaintiffs' Counsel as follows: Sander Bak, Esq. at Milbank, Tweed, Hadley

& McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, 212-530-5125, sbak@milbank.com.

If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers be paid?**

You will be not charged for the fees or expenses of the Lead Plaintiffs' Counsel appointed by the Court.

Lead Plaintiffs' Counsel are not asking the Court to award them either attorneys' fees or costs and expenses incurred in connection with the Action and do not intend to do so in the future. Lead Plaintiffs' Counsel and the Trustee have separately reached agreement as to attorneys' fees, costs and expenses.

## OBJECTING TO THE SETTLEMENT

**20. How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement or any part of it, and give reasons why you think the Court should not approve it. To object, you must send a letter or other filing saying that you object to the proposed Settlement in *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, Case No. 06 Civ. 643 (JSR). Be sure to include your name, address, telephone number, signature, and the reasons for your objection, as well as a list stating the amount of securities you held at RCM and/or Refco Securities, LLC during the Class Period that you claim RCM used without your consent, and (2) a statement indicating whether you received anything for your securities held at RCM in connection with Refco's bankruptcy proceedings, and if so, how much. Your written objection must be sent to the following counsel and must be *received* by them no later than _____, 2011:

Counsel for Settling Defendants:

> Greg A. Danilow
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY 10153

> Richard A. Rosen
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019

Lead Plaintiffs' Counsel:

18

Scott A. Edelman
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

and

Mark A. Strauss
Kirby McInerney & Squire, LLP
825 Third Avenue
New York, NY 10022,

You must **also** file your objection with the clerk of the United States District Court for the Southern District of New York, so it is *received* no later than _____, 2011. The address is:

Clerk of the U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Any member of the Settlement Class who does not object in the manner provided above will be deemed to have waived all objections to the Settlement.

## 21. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a hearing on the proposed Settlement for _____, 2011 at _____, before the Honorable Jed S. Rakoff in the U.S. District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement.

Please note that the date of the Court hearing is subject to change without further notice. If you plan to attend the hearing, you should check with Lead Plaintiffs' Counsel to be sure no change to the date and time of the hearing has been made.

## 22. Do I have to come to the hearing?

No. Lead Plaintiffs' Counsel will answer any questions the Court might have. But you are welcome to come at your own expense. If you send an objection, you do not

19

have to come to the Court to talk about it. As long as you mailed your written objection so that it was received by the deadline, it will be before the Court when the Court considers whether to approve the Settlement.

You may also pay your own lawyer to attend the hearing, but attendance is not necessary.

**23. May I speak at the hearing?**

If you are a Settlement Class Member, you may ask the Court for permission to speak at the hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*." Be sure to include your name, address, telephone number, and your signature.

Your Notice of Intention to Appear must be filed with the Clerk of the Court and sent to the counsel listed above in the answer to Question #22 so it is *received* by the Court and counsel no later than _____, 2011.

## IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing in response to this Notice, you will remain a member of the Settlement Class and will be bound by the Settlement and all of its terms, including the releases. You will not be able to start, continue, or be part of any other lawsuit or arbitration against the Settling Defendants or the other Released Defendant Persons based on the claims in the Action. If the Settlement receives final approval you will receive your pro rata share of the approximately $40 million that will be distributed, in the aggregate, to the Settlement Class. If you have any questions regarding your interests in the Trusts, please contact the Refco Estate at (201) 587-7195 or e-mail your questions to refcoinc@capstoneag.com.

## GETTING MORE INFORMATION

**25. Are there more details about the Settlement?**

This Notice contains only a summary of the proposed Settlement. The complete Settlement is set out in a Stipulation and Agreement of Settlement dated February 28, 2011. You may request a copy of the Stipulation by writing to Sander Bak, Esq. at Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, sbak@milbank.com.

20

### 26. How do I get more information?

Anyone interested in more detail regarding the Action is invited to visit the Office of the Clerk of the United States District Court for the Southern District of New York at the United States Courthouse, 500 Pearl Street, New York, NY, 10007, during regular business hours, to inspect the Stipulation, the pleadings, and the other papers maintained there in Case No. 06 Civ. 643 (JSR). And if you have any questions about the proposed Settlement, you may contact Sander Bak, Esq. at Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, 212-530-5125, sbak@milbank.com.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

### 27. What happens if the Settlement is not approved?

All the funds to be received by the Settlement Class are being paid pursuant to the Global Settlement. The Settling Defendants have the right to terminate the Global Settlement if the Settlement is not approved. If they do that, the Settlement Class will not receive the distributions described above. The Settling Defendants might not terminate the Global Settlement if the Settlement is not approved. However, in that case any amounts recovered against them in the Action would be returned to them by the Trustee. In addition, the Lead Plaintiffs will ask the Court to allow them to withdraw from the Action and new lead plaintiffs will have to be appointed to continue the Action.

### <u>SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES</u>

If you held securities at RCM during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to such beneficial owner, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide the names and addresses of such persons no later than seven (7) days after you receive this Notice to Sander Bak, Esq. at Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, 212-530-5125, sbak@milbank.com.

Dated: _____              BY ORDER OF THE COURT

                                          _____
                                          Hon. Jed S. Rakoff
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK
                                          #437243

Annex A
List of Defendants as of January 14, 2011

1. *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y)
   - Grant Thornton LLP
   - Mayer, Brown, Rowe & Maw, LLP
   - Ernst & Young U.S. LLP
   - PricewaterhouseCoopers LLP
   - Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston[1] LLC)
   - Banc of America Securities LLC[1]
   - Deutsche Bank Securities Inc.[1]
   - Phillip R. Bennett
   - Santo C. Maggio
   - Robert C. Trosten
   - Tone N. Grant
   - Refco Group Holdings, Inc.
   - Liberty Corner Capital Strategies, LLC
   - William T. Pigott[2]
   - EMF Financial Products, LLC[2]
   - EMF Core Fund, Ltd.[2]
   - Delta Flyer Fund, LLC[2]
   - Eric M. Flanagan[2]
   - Ingram Micro, Inc.[2]
   - CIM Ventures, Inc.[2]
   - Beckenham Trading Co. Inc.[2]
   - Andrew Krieger[2]
   - Coast Asset Management, LLC (f/ka/ Coast Asset Management LP)[2]
   - CS Land Management, LLC[2]
   - Christopher Petitt[2]

2. *Kirschner v. KPMG LLP*, 08-Civ. 8784 (S.D.N.Y)
   - KPMG LLP

3. *Kirschner v. Bennett, et al.*, 07-Civ. 8165 (S.D.N.Y)
   - Phillip R. Bennett
   - Santo C. Maggio
   - Robert C. Trosten
   - Mayer, Brown LLP
   - Mayer Brown International LLP
   - Grant Thornton LLP

4. *Kirschner v. Hackl, et al.*, 07-Civ. 09238 (S.D.N.Y)

- Thomas Hackl(2)
- Clarnet Properties S.A. (2)
- Acies Asset Management S.A. (2)
- W.P.M. S.A. (2)

5. *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y)
- John D. Agoglia(2)
- Philip R. Bennett
- The Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust
- Edwin L. Cox(2)
- Sukhmeet "Micky" Dhillon(2)
- The Trustee(s) of the Jasdeep Dhillon Trustee MSD Family Trust(2)
- Thomas H. Dittmer
- The Trustee(s) of the Dittmer Trust
- Stephen Grady(2)
- Tone N. Grant
- Eric Lipoff(2)
- Santo Maggio
- Peter McCarthy
- Joseph Murphy
- Frank Mutterer
- William Sexton
- Willard Sparks
- Robert Trosten
- Memphis Holdings LLC(2)
- MLC First Cayman Ltd. (2)
- Refco Group Holdings, Inc.
- John Does 1 Through 10 (defined as "unidentified entities and/or individuals who received directly or indirectly funds or assets from the Debtors that constitute fraudulent transfers and/or preferential transfers") (3)

6. *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware)
- Christopher Sugrue(2)
- John Does (defined as "persons who [sic] Sugrue distributed the Suffolk-SUG transfers subsequent to his receipt. Thus, the John Does are the immediate or mediate transferees of the SUG Loan proceeds *via* the fraudulent transfer from Refco Capital to Suffolk-SUG.") (3)

7. *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.)
- Tradition Asiel Securities, Inc. (2)

2

8. *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.)
- The New York Times Co., dba New York Times.com

9. *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.)
- VTB Bank aka Bank for Foreign Trade of Russia

10. *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.)
- Icon Interiors, Inc. (2)

---

(1)     The parties acknowledge and agree that the listing of this defendant shall not vitiate or in any way limit the release under clause (e) of the definition of "THL Released Person" as it relates to any affiliate of this defendant in its capacity as an investor in any of the THL Funds or as a co-investor with any of the THL Funds in Refco.

(2)     The parties acknowledge and agree that if this defendant is an assignee, transferee or successor of any person who was an investor in any of the THL funds, or who co-invested with any of the THL Funds in Refco, then solely in its capacity as such an assignee, transferee or successor, this defendant shall be entitled to the same release to which its assignor, transferor or predecessor was entitled under clause (e) of the definition of "THL Released Person".

(3)     The parties acknowledge and agree that no person included in the definition of the "THL Released Person" shall be substituted for or otherwise covered by this listed class of defendants.

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                     :

In re REFCO CAPITAL MARKETS, LTD.    :      06 Civ. 0643 (JSR)
BROKERAGE CUSTOMER SECURITIES   :      08 Civ. 6167 (2d Cir.)
LITIGATION                     :
                     :

------------------------------------------------------------ x

## [PROPOSED] JUDGMENT AND ORDER
## OF DISMISSAL WITH PREJUDICE

WHEREAS, Lead Plaintiffs Global Management Worldwide Limited, Arbat

Equity Arbitrage Fund Limited and Russian Investors Securities Limited ("Lead

Plaintiffs"), on behalf of themselves and the class of persons and entities defined below,

and Defendants Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V,

L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., Thomas H. Lee Partners, L.P.,

Thomas H. Lee Equity Advisors V, LLC, THL Managers V, LLC, Thomas H. Lee

Advisors, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee

Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and  Scott A. Schoen

(the "Settling Defendants" and, together with the Lead Plaintiffs, the  "Settling Parties"),

have entered into a Stipulation and Agreement of Settlement dated February 28, 2011

(the "Stipulation") that provides for a complete dismissal with prejudice of the claims

asserted in the above-referenced litigation (the "Action") against the Settling Defendants

on the terms and conditions set forth in the Stipulation, subject to the approval of this

Court (the "Settlement"); and

2

WHEREAS, the capitalized words and terms not otherwise defined herein shall have the meaning as set forth below in Section 1, entitled "Definitions";

WHEREAS, by Order dated ___, 2011 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement and certified a Settlement Class solely for purposes of effectuating the Settlement, (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members, (c) provided Settlement Class Members with the opportunity to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice having been given to the Settlement Class;

WHEREAS, this Court conducted a hearing on _____, 2011 to consider, among other things, whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved, and whether a judgment should be entered dismissing the Action with prejudice as against the Settling Defendants (the "Settlement Hearing"); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   **Definitions**

The following terms shall have the following meanings for the purpose of this Judgment And Order of Dismissal With Prejudice:

3

1.1   "Action" means <u>In re Refco Capital Markets, Ltd. Brokerage Customer</u> <u>Securities Litigation</u>, No. 06 Civ. 0643 (JSR), currently on appeal to the United States Court of Appeals for the Second Circuit (08-Civ-6167).

1.2   "Class Period" means the period beginning on October 17, 2000 through and including October 17, 2005.

1.3   "Court" means the United States District Court for the Southern District of New York, in which the Action was commenced. The Court subsequently dismissed the Action with prejudice on August 28, 2008. The Action is currently pending in the United States Court of Appeals for the Second Circuit.

1.4   "Defendants" means, collectively, the Settling Defendants and the Non-Settling Defendants.

1.5   "Effective Date" means the date upon which the Settlement contemplated by the Stipulation shall become final and effective as set forth in Section 7 of the Stipulation.

1.6   "Final Order and Judgment" means the judgment and order of dismissal with prejudice as set forth herein.

1.7   "Global Settlement" means the Settlement Agreement and General Release, dated as of February 28, 2011, between, among others, Lead Plaintiffs and the Settling Defendants.

1.8   "Lead Plaintiffs" means Global Management Worldwide Limited, Arbat Equity Arbitrage Fund Limited and Russian Investors Securities Limited.

1.9   "Lead Plaintiffs' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP and Kirby McInerney & Squire, LLP.

4

1.10   "Non-Settling Defendants" means any Person, other than the Settling Defendants, who:  (a) is a named defendant in the Action; and/or (b) was previously a named defendant in the Action but was dismissed for any reason, whether by settlement, judgment or otherwise.

1.11   "Notice" means the Notice of (i) Proposed Settlement of Class Action with the THL Defendants and (ii) Hearing on Proposed Settlement, which was sent to Settlement Class Members on _____, 2011.

1.12   "Person" means an individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity as well as each of their spouses, heirs, predecessors, successors, representatives or assignees.

1.13   "Preliminary Approval Order" means the proposed order entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class on _____, 2011.

1.14   "Refco" means Refco, Inc., Refco Group Ltd., LLC, New Refco Group Ltd., LLC, Refco Finance Inc., Refco Finance Holdings LLC, Refco Capital Markets Ltd. ("RCM"), Refco Securities LLC and any and all predecessors and subsidiaries, whether direct or indirect.

1.15   "Refco Chapter 11 Plan" means the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, as confirmed by the United States Bankruptcy Court for the Southern District of New York on December 26, 2006.

1.16    "Refco-THL Estate Action" means the action commenced by the Trustee for the Refco Litigation Trust against the Settling Defendants entitled *Kirschner v. Thomas H. Lee Partners, LP, et al*, No. 07 Civ. 7074 (JSR) (S.D.N.Y.).

1.17    "Refco Litigation Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Litigation Trust Agreement, dated December 26, 2006.

1.18    "Refco Private Actions Trust" means the trust established pursuant to the Refco Chapter 11 Plan, the terms of which are set forth in the Refco Non-Estate Private Actions Trust Agreement, dated December 26, 2006.

1.19    "Released Claims" means, collectively, all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims.

1.20    "Released Defendant Persons" means each and all of the following:  (a) the Settling Defendants; (b) the Settling Defendants' respective past and/or present affiliates (to the extent not otherwise covered in clause (c)), and subsidiaries (the "Affiliated Releasees"); provided, however, that Affiliated Releasees does not include Refco and/or Refco Group Holdings, Inc. ("RGHI"); (c) the past and/or present employees, officers, general partners, parents and directors of any of the Settling Defendants or any of the Affiliated Releasees (the "Additional Releasees," together with the Settling Defendants and the Affiliated Releasees, the "Releasees"); provided, however, that the past and/or present employees, officers, partners, parents and directors of the Affiliated Releasees are being released solely in respect of any liabilities that arose in connection with their relationship to the Settling Defendants; (d) the Releasees' past and/or present managing directors, representatives, agents, attorneys, insurers, reinsurers,

6

principals, members, managers, families, stockholders, heirs, executors, trustees, personal

representatives, estates administrators, predecessors, divisions, successors and assigns

(the "Related Releasees"); provided, however, that those of the Related Releasees who

are such in their capacity as past and/or present managing directors, representatives,

agents, attorneys, insurers, reinsurers, principals, members, managers, families,

stockholders, heirs, executors, trustees, personal representatives, estate administrators,

predecessors, divisions, successors and/or assigns of the Affiliated Releasees are being

released solely in respect of any liabilities that arose in connection with their relationship

to the Settling Defendants; and (e) the Settling Defendants' limited partners (including

without limitation those who co-invested in Refco alongside the THL Funds in August

2004) and each of their past and/or present employees, officers, partners, directors,

managing directors, heirs, executors, trustees, and estates administrators (the "Limited

Partner Releasees"); provided, however, that the Limited Partner Releasees are being

released solely in their capacity as limited partners of the Settling Defendants and/or as

co-investors who invested in Refco alongside the THL Funds in August 2004.

Released Defendant Persons also includes any Person who received any portion of the

payments or transfers identified in Counts I, II and/or III of the First Amended Complaint

filed in the Refco-THL Estate Action, on or about December 4, 2009, either directly from

the transferors identified in the First Amended Complaint or from any of the Settling

Defendants (the "Subsequent Transferees"); provided however, that with regard to any of

the Subsequent Transferees who are not also Releasees, Related Releasees, or Limited

Partner Releasees, the Released Claims are limited to those claims that are derivative of

7

or otherwise arise out of claims or allegations raised or made in the First Amended

Complaint.

Notwithstanding this provision or any other provision in this Final Order and Judgment,

"Released Defendant Persons" does not include any of the existing defendants in the

following actions as of January 14, 2011, all of which the parties acknowledge and agree

are listed on Annex A attached hereto (and/or (a) their successors, assigns, transferees, or

(b) any individual or entity, which individual or entity knew or should have known that it

would have been sued in one of the following actions but for a mistake in using the

wrong name to identify such person or entity, and in addition, such person or entity knew

of the existence of the action): (i) *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604

(S.D.N.Y), including but not limited to Ernst & Young U.S. LLP, Tone N. Grant, Robert

C. Trosten, Refco Group Holdings, Inc., Phillip R. Bennett, Santo C. Maggio, Grant

Thornton LLP, Mayer Brown LLP, Mayer Brown International LLP,

PriceWaterhouseCoopers LLP, Credit Suisse Securities (USA) LLC, Banc of America

Securities LLC, Deutsche Bank Securities Inc., Liberty Corner Capital Strategies LLC,

William T. Pigott, Ingram Micro. Inc., CIM Ventures, Inc., Beckenham Trading

Company, Inc. and Andrew Krieger; (ii) *Kirschner v. KPMG LLP.*, 08-Civ. 8784

(S.D.N.Y), including but not limited to KPMG LLP; (iii) *Kirschner v. Bennett et al.*, 07-

Civ. 8165 (S.D.N.Y), including but not limited to Phillip R. Bennett, Santo C. Maggio,

Grant Thornton LLP, Mayer Brown International LLP, and Mayer Brown LLP; (iv)

*Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y), including but not limited to Clarnet

Properties S.A., and W.P.M., S.A.; (v) *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-

03060 (Bankr. S.D.N.Y), including but not limited to Phillip R. Bennett, John Agoglia,

Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust, Edwin L. Cox, Sukhmeet

Dhillon, Trustee(s) of the Dittmer Family Trust, Stephen J. Grady, Tone Grant, Eric

Lipoff, Peter J. McCarthy, Joseph Murphy, Frank Mutterer, William M. Sexton, Santo C.

Maggio, Robert C. Trosten, Memphis Holdings LLC, MLC First Cayman Ltd, Refco

Group Holdings, Inc., Willard Sparks and the MSD Family Trust; (vi) *Kirschner v.*

*Sugrue, et al.*, 07-Civ. 645 (Delaware), including but not limited to Christopher Sugrue;

(vii) *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.),

including but not limited to Tradition Asiel Securities, Inc.; (viii) *Kirschner v. The New*

*York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.), including but

not limited to The New York Times Co. d/b/a NewYorkTimes.com; (ix) *Kirschner v.*

*VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.),

including but not limited to VTB Bank aka Bank for Foreign Trade of Russia; and (x)

*Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.), including but not

limited to Icon Interiors, Inc.  However, this final paragraph (the third paragraph of this

provision) does not apply to the Settling Defendants.

    1.21   "Released Defendants' Claims" means any and all claims, demands,

actions, causes of action, obligations, debts, judgments, interests, complaints, claims,

liabilities, promises, agreements, controversies, suits, rights, damages, costs, losses,

debts, charges, expenses (including attorneys' fees and disbursements of counsel, other

professionals and consultants) and liabilities of any and all kind, nature and description,

whether direct or derivative, whether at law or in equity (upon any legal or equitable

theory, whether contractual, tort-based, common law or statutory, whether arising under

federal, state, common or foreign law, whether based on bad faith, allegedly intentional,

willful, negligent or reckless conduct, whether asserted as claims, cross-claims,

counterclaims, third-party claims or in any other manner in any pleadings or filings in

this Court, in any federal or state court, or in any other court, arbitration proceeding,

administrative agency or other forum in the United States or elsewhere), whether such are

known or Unknown (as that term is employed and defined in Paragraph 1.34 below),

secured or unsecured, contingent or absolute, choate or inchoate, suspected or

unsuspected, ripened or unripened, liquidated or unliquidated, perfected or unperfected,

whether asserted on the Releasing Defendants' behalf or on behalf of another Person,

whether asserted by any or all of the Releasing Defendants, against any or all of the

Released Plaintiff Persons and whether they be directly, indirectly, nominally or

beneficially, possessed or claimed by the Releasing Defendant, that such Person, or any

Person or entity claiming through such Person or by right in respect of such Person, has

ever had since the beginning of time, now has, or that may arise or accrue in the future

and that arise out of or relate in any way to the institution, prosecution or settlement of

the Action, except for claims relating to the enforcement of the Settlement.

Nothing in this Definition is intended to release any of the claims identified in Paragraph

11(c) below that were or may be asserted by any of the Settling Defendants. Moreover,

nothing in this Definition is intended to modify or limit the releases contained in the

Global Settlement.

  1.22 "Released Persons" means, collectively, the Released Plaintiff Persons and

the Released Defendant Persons.

  1.23 "Released Plaintiff Persons" means, collectively, Lead Plaintiffs, the

Refco Litigation Trust, the Refco Private Actions Trust, the Trustee, members of the

Board of Directors of the Refco Litigation Trust, members of the Board of Directors of

the Refco Private Actions Trust, Refco, together with any of its affiliates, the Refco

Estate, the Refco Plan Administrators, Marc S. Kirschner and Robert Manzo, Lead

Plaintiffs' Counsel and the law firm Quinn Emanuel Urquhart & Sullivan, LLP,

Settlement Class Members, any other counsel any Settlement Class Member retained or

employed in this Action and each of their respective past and/or present affiliates,

subsidiaries, general partners, parents and limited partners, employees, officers, partners,

directors, managing directors, representatives, agents, attorneys, insurers, reinsurers,

principals, members, managers, families, stockholders, heirs, executors, trustees, personal

representatives, estates administrators, predecessors, divisions, successors and assigns;

*provided, however*, that "Released Plaintiff Persons" does not include Grant Thornton

LLP, Refco Group Holdings, Inc., Phillip R. Bennett individually or in his capacity as

owner of Refco Group Holdings, Inc., or the estate of Phillip R. Bennett.

    1.24   "Released Plaintiffs' Claims" means any and all claims, demands, actions,

causes of action, obligations, debts, judgments, interests, complaints, claims, liabilities,

promises, agreements, controversies, suits, rights, damages, costs, losses, debts, charges,

expenses (including attorneys' fees and disbursements of counsel, other professionals and

consultants) and liabilities of any and all kind, nature and description, whether direct or

derivative, whether at law or in equity (upon any legal or equitable theory, whether

contractual, tort-based, common law or statutory, whether arising under federal, state,

common or foreign law, whether based on bad faith, allegedly intentional, willful,

negligent or reckless conduct, whether asserted as claims, cross-claims, counterclaims,

third-party claims or in any other manner in any pleadings or filings in this Court, in any

federal or state court, or in any other court, arbitration proceeding, administrative agency

or other forum in the United States or elsewhere), whether such are known or Unknown

(as that term is employed in Paragraph 1.34 below), secured or unsecured, contingent or

absolute, choate or inchoate, suspected or unsuspected, ripened or unripened, liquidated

or unliquidated, perfected or unperfected, whether asserted on the Releasing Plaintiffs'

own behalf or on behalf of another Person, and whether they be directly, indirectly,

nominally or beneficially, possessed or claimed by the Releasing Plaintiff, that such

Person, or any Person or entity claiming through such Person or by right in respect of

such Person, has ever had since the beginning of time, now has, or that may arise or

accrue in the future against any of the Released Defendant Persons that: (a) in any way

arise out of, are based upon, relate to or concern the facts, matters, occurrences, claims

made, allegations, representations, omissions, actions (or failure to act), transactions,

agreements, or conduct alleged, complained of, set forth, referred to, involved in or which

could have been raised or made in the Complaint and/or in the Action; (b) in any way

relates to or concerns Refco and/or RGHI, or the conduct of any of Refco's and/or

RGHI's present or former partners, limited partners, officers, directors, employees,

agents, affiliates, accountants, auditors, advisors, representatives, professionals, owners

or attorneys to the extent that such conduct relates in any way to the conduct complained

of or that could have been complained of in the Action that has occurred prior to the

Effective Date; (c) in any way arise out of, are based upon, relate to or concern the THL

Funds' investment in Refco, including, without limitation, the initial investment in

August 2004, the transactions, agreements, matters, due diligence and events leading

thereto and undertaken in connection therewith; (d) in any way arise out of, are based

12

upon, relate to or concern any and all agreements entered into by and between any of the

Released Defendant Persons and Refco and/or RGHI, including without limitation, the

Management Agreement, entered into August 5, 2004, by and between New Refco Group

Ltd., LLC, Refco Group Ltd., LLC and THL Managers V LLC; (e) in any way arise out

of, are based upon, relate to or concern Refco's August 2005 initial public offering; (f) in

any way arise out of, are based upon, relate to or concern securities deposited or held at

RCM and/or Refco Securities, LLC; (g) in any way arise out of, are based upon, relate to

or concern the 9% Senior Subordinated Notes due 2012, issued by Refco Group Ltd.,

LLC and Refco Finance Inc. (and guaranteed by other Refco entities); (h) in any way

arise out of, are based upon, relate to or concern the cases filed by any Refco entity under

title 11 of the United States Code on or around October 17, 2005, and any subsequent

proceedings therein, as well as any and all related cases; (i) in any way arise out of, are

based upon, relate to or concern claims under any section of title 11 of the United States

Code, including but not limited to 11 U.S.C. §§ 502(j) and (h), that in any way relates to

or concerns Refco and/or RGHI; and/or (j) in any way arise out of, are based upon, relate

to or concern the facts, matters, occurrences, claims made, allegations, representations,

omissions, actions (or failure to act), transactions, agreements, or conduct alleged,

complained of, set forth, referred to, involved in or which could have been raised or made

in *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y); *Kirschner v.*

*KPMG LLP.*, 08-Civ. 8784 (S.D.N.Y); *Kirschner v. Bennett et al.*, 07-Civ. 8165

(S.D.N.Y); *Kirschner v. Hackl et al.*, 07-Civ. 09238 (S.D.N.Y); *Kirschner v. Agoglia, et*

*al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y); *Kirschner v. Sugrue, et al.*, 07-Civ. 645

(Delaware); *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr.

13

S.D.N.Y.); *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.); *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.); and *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.).

1.25    "Releasing Defendants" means each and all of the following: (a) Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P., THLP, Thomas H. Lee Advisors, LLC, THL Managers V, LLC, THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, the 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen and (b) all of the THL Defendants' present or former partners, limited partners, officers, directors, employees, agents, affiliates, owners, predecessors, successors, assigns, heirs, executors, administrators, and trustees and any other Person who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on those claims, to the extent any such persons and entities described in this subsection (b) are within the THL Defendants' control.

1.26    "Releasing Plaintiffs" means each and all of the following:  (a) Lead Plaintiffs, (b) every Settlement Class Member, and (c) all of their present or former partners, limited partners, officers, directors, employees, agents, affiliates, owners, predecessors, successors, assigns, heirs, executors, administrators, trustees, and any other Person who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Claims or to obtain the proceeds of any recovery (in whole or in part) on

14

those claims, to the extent any such persons and entities described in this subsection (c) are within any of Lead Plaintiffs' or Settlement Class Members' control.

1.27    "Releasing Persons" means, collectively, the Releasing Plaintiffs and the Releasing Defendants.

1.28    "Settlement" means the resolution and settlement of the Action as against the Settling Defendants pursuant to, and in accordance with, the terms and provisions of the Stipulation.

1.29    "Settlement Class" means all securities brokerage customers of RCM who:  (i) at any time from October 17, 2000 to October 17, 2005, placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17, 2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the Refco Private Action Trust.  Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) officers and directors of Refco and the Defendants; (d) members of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities.

1.30    "Settlement Class Member" means any person or entity that falls within the definition of the Settlement Class as defined above in Paragraph 1.28 and who or which is not excluded therefrom.

1.31    "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and in the best interests

15

of the Settlement Class and should be approved as described in Paragraph 3.1 of the Stipulation.

1.32    "Settling Defendants" means Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., and Thomas H. Lee Equity (Cayman) Fund V, L.P. (the "THL Funds"); Thomas H. Lee Partners, L.P. ("THLP"), THL Managers V, LLC, Thomas H. Lee Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, Thomas H. Lee Investors Limited Partnership and The 1997 Thomas H. Lee Nominee Trust and any predecessor or related THL entities named in any prior version of the Complaint, including, without limitation, Thomas H. Lee Equity (Cayman) Fund, THL Refco Acquisition Partners, THL Refco Acquisition Partners II and THL Refco Acquisition Partners III (collectively, with THLP, the "THL Entities"); and Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen (collectively, with the THL Entities and the THL Funds, the "THL Defendants").

1.33    "Settling Defendants' Counsel" means, collectively, the law firms of Weil, Gotshal & Manges LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP.

1.34    "Settling Parties" means, collectively, the Settling Defendants and the Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.35    "Unknown," for the purposes of the releases, is defined in Paragraph 8.4 of the Stipulation.

2.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

3.      **Incorporation of Settlement Documents** – This Final Order and Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2011; and (b) the Notice, which was filed with the Court on ____, 2011.

4.      **Settlement Class Findings** – With respect to the Settlement Class set forth below, this Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against the Settling Defendants by Lead Plaintiffs and the Settlement Class that the prerequisites for a class action under Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel, Kirby McInerney & Squire, LLP and Milbank, Tweed, Hadley & McCloy ("Lead Plaintiffs' Counsel") have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a)      **Final Settlement Class Certification** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies solely for the purpose of effectuating this Settlement, a class of all securities brokerage customers of Refco Capital Markets Ltd. ("RCM") who: (i) at any time from October 17, 2000 to October 17, 2005 (the "Class Period"), placed securities with or held securities at RCM and/or Refco Securities, LLC, directly or indirectly, as custodian or broker for safe-keeping, trading or other purposes, and continued to hold positions with RCM on October 17,

2005 or thereafter; and (ii) who elected to contribute the proceeds of their claims to the

Refco Private Action Trust. Excluded from the Settlement Class are: (a) Refco; (b) the

Defendants; (c) officers and directors of Refco and the Defendants; (d) members of the

Defendants' immediate families; (e) entities in which Refco or any Defendant has a

controlling interest; and (f) the legal representatives, heirs, successors or assigns of any of

the foregoing excluded persons or entities.

5.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules

of Civil Procedure, for purposes of the Settlement only, this Court certifies Lead

Plaintiffs as Settlement Class representatives and appoints Lead Plaintiffs' Counsel as

Settlement Class counsel.

6.     **Notice** – The Court finds that the distribution of the Notice: (a) was

implemented in accordance with the Court's _____, 2011 Preliminary Approval Order;

(b) constituted the best notice reasonably practicable under the circumstances; (c)

constituted notice that was reasonably calculated under the circumstances to apprise

Settlement Class Members of the pendency of the Action, of the effect of the Settlement

(including the releases provided for therein), and of their right to appear at the Settlement

Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities

entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of

Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including

the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C.

§78u-4, *et seq.*) (the "PSLRA"), and all other applicable law and rules.

7.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and

in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein and the dismissal with prejudice of any and all of the Released Claims against each and every one of the Released Persons) and finds that the Settlement is, in all respects, fair, reasonable and adequate and is in the best interests of Lead Plaintiffs and the Settlement Class.

8.      The Action and all of the claims against the Settling Defendants by the Settlement Class Members and the Lead Plaintiffs are hereby dismissed on the merits and with prejudice, as of the Effective Date. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Final Order and Judgment shall forever be binding on Lead Plaintiffs and every Settlement Class Member; each and all of their respective predecessors, successors, representatives, affiliates, agents, heirs, executors, trustees, personal representatives, estates, administrators, and assigns; and any other person or entity who has the right, ability, standing or capacity to assert, prosecute or maintain any of the Released Plaintiffs' Claims belonging to a Settlement Class Member to obtain the proceeds of any recovery therefor but only with respect to those claims. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.     **Releases** – The releases as set forth in Paragraphs 8.2 and 8.3 of the Stipulation (the "Releases") together with the definitions contained in Section 1 of the Stipulation relating thereto are expressly incorporated herein in all respects. The

19

Releases are effective as of the Effective Date.  Accordingly, this Court orders that, as of the Effective Date:

(a)   each and every one of the Releasing Plaintiffs by operation of this Final Order and Judgment shall: (i) have and be deemed to have fully, finally and forever released, relinquished and discharged each and every one of the Released Defendant Persons from any and all of the Released Plaintiffs' Claims; (ii) have and be deemed to have covenanted not to sue any of the Released Defendant Persons with respect to any and all of the Released Plaintiffs' Claims; and (iii) forever be barred and enjoined from filing, commencing, prosecuting intervening in, participating in (as class member or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any and all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.  Nothing in this Paragraph is intended to release any claims asserted by Lead Plaintiffs (or the Settlement Class) against any of the Non-Settling Defendants in the Action;

(b)   each and every one of the Releasing Defendants by operation of this Final Order and Judgment shall: (i) have and be deemed to have fully, finally and forever released, relinquished and discharged each and every one of the Released Plaintiff Persons from any and all of the Released Defendants' Claims; (ii) have and be deemed to have covenanted not to sue any of the Released Plaintiff Persons with respect to any and all of the Released Defendants' Claims; and (iii) forever be barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class member or otherwise), or receiving any benefits or other relief from, any other lawsuit,

20

arbitration or other proceeding or order in any jurisdiction that is based upon, arises out

of or relates to the Released Defendants' Claims against any of the Released Plaintiff

Persons; *provided, however*, that nothing in subparagraph (iii) above, the Stipulation or

this Final Order and Judgment shall limit or bar claims that do not seek recovery for the

Settling Defendant's actual or threatened liability to the Lead Plaintiffs or any Settlement

Class Member in connection with the Action, including but not limited to, the claims

asserted by the THL Funds in the following actions:  (i) *Thomas H. Lee Equity Fund V,*

*L.P., et al. v. Philip R. Bennett, et al.*, 05 Civ. 9608 (JSR) (S.D.N.Y) and (ii) *Thomas H.*

*Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663 (JSR) (S.D.N.Y);

and

       (c)    The Released Plaintiffs' Claims shall be compromised, settled,

discharged and dismissed as against the Released Defendant Persons on the merits and

with prejudice by virtue of this Final Order and Judgment. The Released Defendants'

Claims shall be compromised, settled, discharged and dismissed as against the Released

Plaintiff Persons on the merits and with prejudice by virtue of this Final Order and

Judgment.

Notwithstanding anything to the contrary above, the Released Claims do not include

claims to enforce this Final Order and Judgment and the Settlement, and any or all of

their terms, including but not limited to the releases provided for in this Final Order and

Judgment.

      11.    **Contribution Bar Order** -- The Court hereby:

       (a)    permanently bars, enjoins and restrains any and all Persons from

commencing, prosecuting or asserting against any of the Released Defendant Persons any

claim for contribution or indemnity arising out of the Action (or any other claim where

the injury to the claiming Person is the claiming Person's actual or threatened liability to

the Lead Plaintiffs or any Settlement Class Member arising out of the Action);

(b)      permanently bars, enjoins and restrains the Released Defendant

Persons from commencing, prosecuting or asserting against any and all Persons (other

than a Person whose liability has been extinguished by the Settlement) any claim for

contribution or indemnity arising out of the Action (or any other claim where the injury

to the Released Defendant Person is the Released Defendant Persons' actual or threatened

liability to the Lead Plaintiffs or any Settlement Class Member arising out of the Action);

and

(c)      provides that nothing in subparagraphs (a) and (b) above, the

Stipulation or this Final Order and Judgment shall limit or bar claims that do not seek

recovery for the Settling Defendant's actual or threatened liability to the Lead Plaintiffs

or any Settlement Class Member in connection with the Action, including but not limited

to, the claims asserted by the THL Funds in the following actions:  (i) *Thomas H. Lee*

*Equity Fund V, L.P., et al. v. Philip R. Bennett*, et al., 05 Civ. 9608 (JSR) (S.D.N.Y) and

(ii) *Thomas H. Lee Equity Fund V, L.P., et al. v. Grant Thornton LLP*, 07 Civ. 8663

(JSR) (S.D.N.Y).

12.     **Judgment Reduction** – Any final verdict or judgment that may be

obtained by or on behalf of the Settlement Class or a Settlement Class Member against a

Non-Settling Defendant or Non-Settling Defendants shall be reduced by the greater of:

(a) an amount that corresponds to the percentage of responsibility of the Settling

Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class for common damages.

13.     **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and/or settlement of the Action.  The Court further finds that Lead Plaintiffs and Lead Plaintiffs' Counsel adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement.

14.     **No Admissions** – This Final Order and Judgment, the facts and terms of the Settlement and Stipulation (including all exhibits thereto) as well as all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Settlement;

(a)     shall not be described as, construed as, interpreted as, or offered or received against any of the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession or admission by any of the Settling Defendants as to: (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim that has been or could have been asserted in the Action or in any other litigation; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation; and/or (iv) any liability, negligence, fault, or wrongdoing on their part;

23

(b)      shall not be described as, construed as, interpreted as or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class;

(c)      shall not be described as, construed as, interpreted as, offered or received against any of the Settling Defendants, Lead Plaintiffs and/or any Settlement Class Member as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to said Lead Plaintiffs or Settlement Class Members after trial; and

(d)      shall not be offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, except in connection with any action, litigation or proceeding to enforce the terms of the Stipulation.

15.      Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Stipulation or this Final Order and Judgment.  Notwithstanding Paragraph 14, any of the Released Persons may file, cite and/or refer to the Stipulation and this Final Order and Judgment in any other action or proceeding that may be brought against them in any forum in order to effectuate the liability protection granted hereunder, or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.      **Retention of Jurisdiction** – Without affecting the finality of this Final Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation,

24

implementation and enforcement of the Settlement; and (b) the Settlement Class Members for all matters relating to the Action.

17.    **Modifications of the Settlement Agreement** – Without further approval from the Court, Lead Plaintiffs and Settling Defendants are hereby authorized to agree to and adopt such amendments and modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that:  (a) are not materially inconsistent with this Final Order and Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Final Order and Judgment as a final judgment as against the Settling Defendants. The Clerk of the Court is expressly directed to immediately enter final judgment as against the Settling Defendants, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19.    **Termination** – If the Effective Date does not occur or the Stipulation is terminated, then this Final Order and Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 4th day of _August_, 2011.

_____
~~The~~ Honorable Jed S. Rakoff
United States District Judge

25

Annex A
List of Defendants as of January 14, 2011

1. *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y)
   - Grant Thornton LLP
   - Mayer, Brown, Rowe & Maw, LLP
   - Ernst & Young U.S. LLP
   - PricewaterhouseCoopers LLP
   - Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston[1] LLC)
   - Banc of America Securities LLC[1]
   - Deutsche Bank Securities Inc.[1]
   - Phillip R. Bennett
   - Santo C. Maggio
   - Robert C. Trosten
   - Tone N. Grant
   - Refco Group Holdings, Inc.
   - Liberty Corner Capital Strategies, LLC
   - William T. Pigott[2]
   - EMF Financial Products, LLC[2]
   - EMF Core Fund, Ltd.[2]
   - Delta Flyer Fund, LLC[2]
   - Eric M. Flanagan[2]
   - Ingram Micro, Inc.[2]
   - CIM Ventures, Inc.[2]
   - Beckenham Trading Co. Inc.[2]
   - Andrew Krieger[2]
   - Coast Asset Management, LLC (f/ka/ Coast Asset Management LP)[2]
   - CS Land Management, LLC[2]
   - Christopher Petitt[2]

2. *Kirschner v. KPMG LLP*, 08-Civ. 8784 (S.D.N.Y)
   - KPMG LLP

3. *Kirschner v. Bennett, et al.*, 07-Civ. 8165 (S.D.N.Y)
   - Phillip R. Bennett
   - Santo C. Maggio
   - Robert C. Trosten
   - Mayer, Brown LLP
   - Mayer Brown International LLP
   - Grant Thornton LLP

US_ACTIVE:\43639123\02\77356.0064

4. *Kirschner v. Hackl, et al.*, 07-Civ. 09238 (S.D.N.Y)

- Thomas Hackl[2]
- Clarnet Properties S.A. [2]
- Acies Asset Management S.A. [2]
- W.P.M. S.A. [2]

5. *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y)
- John D. Agoglia[2]
- Philip R. Bennett
- The Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust
- Edwin L. Cox[2]
- Sukhmeet "Micky" Dhillon[2]
- The Trustee(s) of the Jasdeep Dhillon Trustee MSD Family Trust[2]
- Thomas H. Dittmer
- The Trustee(s) of the Dittmer Trust
- Stephen Grady[2]
- Tone N. Grant
- Eric Lipoff[2]
- Santo Maggio
- Peter McCarthy
- Joseph Murphy
- Frank Mutterer
- William Sexton
- Willard Sparks
- Robert Trosten
- Memphis Holdings LLC[2]
- MLC First Cayman Ltd. [2]
- Refco Group Holdings, Inc.
- John Does 1 Through 10 (defined as "unidentified entities and/or individuals who received directly or indirectly funds or assets from the Debtors that constitute fraudulent transfers and/or preferential transfers") [3]

6. *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware)
- Christopher Sugrue[2]
- John Does (defined as "persons who [sic] Sugrue distributed the Suffolk-SUG transfers subsequent to his receipt. Thus, the John Does are the immediate or mediate transferees of the SUG Loan proceeds *via* the fraudulent transfer from Refco Capital to Suffolk-SUG.") [3]

7. *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.)
- Tradition Asiel Securities, Inc. [2]

8. *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.)
- The New York Times Co., dba New York Times.com

9. *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.)
- VTB Bank aka Bank for Foreign Trade of Russia

10. *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.)
- Icon Interiors, Inc. (2)

---

(1)    The parties acknowledge and agree that the listing of this defendant shall not vitiate or in any way limit the release under clause (e) of the definition of "THL Released Person" as it relates to any affiliate of this defendant in its capacity as an investor in any of the THL Funds or as a co-investor with any of the THL Funds in Refco.

(2)    The parties acknowledge and agree that if this defendant is an assignee, transferee or successor of any person who was an investor in any of the THL funds, or who co-invested with any of the THL Funds in Refco, then solely in its capacity as such an assignee, transferee or successor, this defendant shall be entitled to the same release to which its assignor, transferor or predecessor was entitled under clause (e) of the definition of "THL Released Person".

(3)    The parties acknowledge and agree that no person included in the definition of the "THL Released Person" shall be substituted for or otherwise covered by this listed class of defendants.

# Exhibit C

List of Defendants as of January 14, 2011

1. *Kirschner v. Grant Thornton LLP, et al.*, 07-Civ. 11604 (S.D.N.Y)
- Grant Thornton LLP
- Mayer, Brown, Rowe & Maw, LLP
- Ernst & Young U.S. LLP
- PricewaterhouseCoopers LLP
- Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston[1] LLC)
- Banc of America Securities LLC[1]
- Deutsche Bank Securities Inc. [1]
- Phillip R. Bennett
- Santo C. Maggio
- Robert C. Trosten
- Tone N. Grant
- Refco Group Holdings, Inc.
- Liberty Corner Capital Strategies, LLC
- William T. Pigott[2]
- EMF Financial Products, LLC[2]
- EMF Core Fund, Ltd. [2]
- Delta Flyer Fund, LLC[2]
- Eric M. Flanagan[2]
- Ingram Micro, Inc. [2]
- CIM Ventures, Inc. [2]
- Beckenham Trading Co. Inc. [2]
- Andrew Krieger[2]
- Coast Asset Management, LLC (f/ka/ Coast Asset Management LP) [2]
- CS Land Management, LLC[2]
- Christopher Petitt[2]

2. *Kirschner v. KPMG LLP*, 08-Civ. 8784 (S.D.N.Y)
- KPMG LLP

3. *Kirschner v. Bennett, et al.*, 07-Civ. 8165 (S.D.N.Y)
- Phillip R. Bennett
- Santo C. Maggio
- Robert C. Trosten
- Mayer, Brown LLP
- Mayer Brown International LLP
- Grant Thornton LLP

US_ACTIVE:\43639123\02\77356.0064

4. *Kirschner v. Hackl, et al.*, 07-Civ. 09238 (S.D.N.Y)

- Thomas Hackl[2]
- Clarnet Properties S.A. [2]
- Acies Asset Management S.A. [2]
- W.P.M. S.A. [2]

5. *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-03060 (Bankr. S.D.N.Y)
- John D. Agoglia[2]
- Philip R. Bennett
- The Trustee(s) of the Phillip R. Bennett Three Year Annuity Trust
- Edwin L. Cox[2]
- Sukhmeet "Micky" Dhillon[2]
- The Trustee(s) of the Jasdeep Dhillon Trustee MSD Family Trust[2]
- Thomas H. Dittmer
- The Trustee(s) of the Dittmer Trust
- Stephen Grady[2]
- Tone N. Grant
- Eric Lipoff[2]
- Santo Maggio
- Peter McCarthy
- Joseph Murphy
- Frank Mutterer
- William Sexton
- Willard Sparks
- Robert Trosten
- Memphis Holdings LLC[2]
- MLC First Cayman Ltd. [2]
- Refco Group Holdings, Inc.
- John Does 1 Through 10 (defined as "unidentified entities and/or individuals who received directly or indirectly funds or assets from the Debtors that constitute fraudulent transfers and/or preferential transfers") [3]

6. *Kirschner v. Sugrue, et al.*, 07-Civ. 645 (Delaware)
- Christopher Sugrue[2]
- John Does (defined as "persons who [sic] Sugrue distributed the Suffolk-SUG transfers subsequent to his receipt. Thus, the John Does are the immediate or mediate transferees of the SUG Loan proceeds *via* the fraudulent transfer from Refco Capital to Suffolk-SUG.") [3]

7. *Kirschner v. Tradition Asiel Securities, Inc.*, No. 07-02851 (Bankr. S.D.N.Y.)
- Tradition Asiel Securities, Inc. [2]

8. *Kirschner v. The New York Times Co., dba NewYorkTimes.com*, No. 07-02859 (Bankr. S.D.N.Y.)
- The New York Times Co., dba New York Times.com


9. *Kirschner v. VTB Bank aka Bank for Foreign Trade of Russia*, No. 07-03019 (Bankr. S.D.N.Y.)
- VTB Bank aka Bank for Foreign Trade of Russia

10. *Kirschner v. Icon Interiors, Inc.*, No. 08-01397 (Bankr. S.D.N.Y.)
- Icon Interiors, Inc. (2)

---

(1)      The parties acknowledge and agree that the listing of this defendant shall not vitiate or in any way limit the release under clause (e) of the definition of "THL Released Person" as it relates to any affiliate of this defendant in its capacity as an investor in any of the THL Funds or as a co-investor with any of the THL Funds in Refco.

(2)      The parties acknowledge and agree that if this defendant is an assignee, transferee or successor of any person who was an investor in any of the THL funds, or who co-invested with any of the THL Funds in Refco, then solely in its capacity as such an assignee, transferee or successor, this defendant shall be entitled to the same release to which its assignor, transferor or predecessor was entitled under clause (e) of the definition of "THL Released Person".

(3)      The parties acknowledge and agree that no person included in the definition of the "THL Released Person" shall be substituted for or otherwise covered by this listed class of defendants.